**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

Northern District of Texas

Case number (if known): _____ Chapter 15

☐ Check if this is an amended filing

## Official Form 401

# Chapter 15 Petition for Recognition of a Foreign Proceeding 12/15

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write debtor's name and case number (if known).

1. **Debtor's name**

   Eagle Energy Inc.

2. **Debtor's unique identifier**

   **For non-individual debtors:**

   ☐ Federal Employer Identification Number (EIN)  __ __ – __ __ __ __ __ __ __

   ☑ Other  Corporate Access No.  . Describe identifier  2019443270

   **For individual debtors:**

   ☐ Social Security number:  xxx – xx– __ __ __ __

   ☐ Individual Taxpayer Identification number (ITIN):  9 xx – xx – __ __ __ __

   ☐ Other _____ . Describe identifier _____

3. **Name of foreign representative(s)**

   FTI Consulting Canada Inc.

4. **Foreign proceeding in which appointment of the foreign representative(s) occurred**

   COURT OF QUEEN'S BENCH OF ALBERTA Court File No. 1901-16293

5. **Nature of the foreign proceeding**

   *Check one:*

   ☐ Foreign main proceeding
   ☐ Foreign nonmain proceeding
   ☑ Foreign main proceeding, or in the alternative foreign nonmain proceeding

6. **Evidence of the foreign proceeding**

   ☑ A certified copy, translated into English, of the decision commencing the foreign proceeding and appointing the foreign representative is attached.

   ☐ A certificate, translated into English, from the foreign court, affirming the existence of the foreign proceeding and of the appointment of the foreign representative, is attached.

   ☐ Other evidence of the existence of the foreign proceeding and of the appointment of the foreign representative is described below, and relevant documentation, translated into English, is attached.

   _____

7. **Is this the only foreign proceeding with respect to the debtor known to the foreign representative(s)?**

   ☐ No. (Attach a statement identifying each country in which a foreign proceeding by, regarding, or against the debtor is pending.)

   ☑ Yes

Debtor     Eagle Energy Inc.        Case number *(if known)* _____
      Name

| | |
|---|---|
| **8. Others entitled to notice** | Attach a list containing the names and addresses of: |
| | (i)    all persons or bodies authorized to administer foreign proceedings of the debtor, |
| | (ii)    all parties to litigation pending in the United States in which the debtor is a party at the time of filing of this petition, and |
| | (iii)   all entities against whom provisional relief is being sought under § 1519 of the Bankruptcy Code. |

**9. Addresses**

Country where the debtor has the center of its main interests:

Canada

Individual debtor's habitual residence:

_____
Number     Street

_____
P.O. Box

_____
City    State/Province/Region    ZIP/Postal Code

_____
Country

Debtor's registered office:

2710, 500 - 4TH AVENUE S.W.
Number     Street

_____
P.O. Box

CALGARY AB T2P 2V6
City     State/Province/Region    ZIP/Postal Code

CANADA
Country

Address of foreign representative(s):

520 5th Ave SW, Suite 1610
Number     Street

_____
P.O. Box

Calgary, Alberta T2P 3R7
City     State/Province/Region    ZIP/Postal Code

Canada
Country

**10. Debtor's website (URL)**

http://www.eagleenergy.com/ and http://cfcanada.fticonsulting.com/Eagleenergy

**11. Type of debtor**

*Check one:*

☑ Non-individual *(check one)*:

     ☑ Corporation. Attach a corporate ownership statement containing the information described in Fed. R. Bankr. P. 7007.1.

     ☐ Partnership

     ☐ Other. Specify: _____

☐ Individual

| Debtor | Eagle Energy Inc. | Case number (if known) |
|---|---|---|
| | Name | |

| 12. Why is venue proper in *this district*? | Check one: |
|---|---|
| | ☐ Debtor's principal place of business or principal assets in the United States are in this district. |
| | ☐ Debtor does not have a place of business or assets in the United States, but the following action or proceeding in a federal or state court is pending against the debtor in this district: |
| | _____. |
| | ☑ If neither box is checked, venue is consistent with the interests of justice and the convenience of the parties, having regard to the relief sought by the foreign representative, because: US subsidiary's principal assets in the US are in this district_____. |

| 13. Signature of foreign representative(s) | I request relief in accordance with chapter 15 of title 11, United States Code. |
|---|---|
| | I am the foreign representative of a debtor in a foreign proceeding, the debtor is eligible for the relief sought in this petition, and I am authorized to file this petition. |
| | I have examined the information in this petition and have a reasonable belief that the information is true and correct. |
| | I declare under penalty of perjury that the foregoing is true and correct, |

✘ _____     Deryck Helkaa, FTI Consulting
   Signature of foreign representative                Printed name

Executed on    11/20/2019
            MM / DD / YYYY

✘ _____     _____
   Signature of foreign representative                Printed name

Executed on    _____
            MM / DD / YYYY

| 14. Signature of attorney | ✘ /s/Greg M. Wilkes | Date   11/20/2019 |
|---|---|---|
| | Signature of Attorney for foreign representative | MM / DD / YYYY |

Greg M. Wilkes
Printed name
Norton Rose Fulbright US LLP
Firm name
2200 Ross Avenue Suite 3600
Number      Street
Dallas                                    Texas        75201
City                                       State        ZIP Code

(214) 855-8000                      greg.wilkes@nortonrosefulbright.com
Contact phone                       Email address

24047105                            TX
Bar number                          State

SCHEDULE A TO CHAPTER 15 PETITION

**Item 4**: Foreign proceeding in which appointment of the foreign representative(s) occurred: *In the Matter of the Receivership of Eagle Energy Inc. et. al*, Alberta Court of Queen's Bench File No. 1901-16293.

**Item 8**: Others entitled to notice:

Attach a list containing the names and addresses of: (i) all persons or bodies authorized to administer foreign proceedings of the debtor, (ii) all parties to litigation pending in the United States in which the debtor is a party at the time of filing of this petition, and (iii) all entities against whom provisional relief is being sought under § 1519 of the Bankruptcy Code.

See attached **Schedule A1**.

**Item 11**: Type of Debtor: Corporate Ownership Statement containing the information described in Fed. R. Bankr. P. 7007.1 See attached.

## Schedule A1: Eagle Energy Inc.

**Section 8 – Others Entitled to Notice**

1. List containing the names and addresses of all persons or bodies authorized to administer foreign proceedings of the debtor

| | |
|---|---|
| FTI Consulting Canada Inc.<br>Attn: Deryck Helkaa<br>Senior Managing Director<br>Corporate Finance<br>520 5th Ave SW, Suite 1610<br>Calgary, Alberta T2P 3R7<br>Canada<br>1.403.454.6031<br>Deryck.Helkaa@fticonsulting.com | |

2. List containing the names and addresses of all parties to litigation pending in the United States in which the debtor is a party at the time of filing of this petition: none.

3. List containing the names and addresses of all entities against whom provisional relief is being sought under §1519 of the Bankruptcy Code. **Attached below.**

Absolute Hydraulics
7701 102 Ave
Peace River, AB T8S 1M5


Alberta One-Call Corporation
104, 4242 - 7th Street SE
Calgary, AB T2G 2Y8


Alphabow Energy Ltd.
1800, 222 - 3rd Avenue SW
Calgary, AB T2P 0B4


Aon Reed Stenhouse Inc.
Lockbox No. 310350
PO Box 578, STN. M
Calgary, AB T2P 2J2


Bluewave Energy
A Division of Parkland Ind Ltd.
PO Box 2030 STN M
Calgary, AB T2P 1K6


Bonnett'S Energy Svc Partnership
PO Box 9660 STN. M
Calgary, AB T2P 0E9


Broadridge
PO Box 57461
Postal Station "A"
Toronto, ON M5W 5M5


Bumper Dev Corp Ltd. by Ct Appt Rec
c/o Alvarez & Marsal Canada Inc.
Attn: Mr. Orest Konowalchuk
Bow Val Sq IV Ste 1110, 205-6 Av SW
Calgary, AB T2P 3H7

Canada Revenue Agency
NRT
875 Heron Road
Ottawa, ON K1A 1B1


Cequence Energy Ltd.
3100, 525 - 8 Ave SW
Calgary, AB T2P 1G1


Citimail
PO Box 643, Station "M"
Calgary, AB T2P 2J3


CLP Office Technology
940A 11 Ave SW
Calgary, AB T2R 0E7


CNW Group
RBC Waterpark Place
Suite 3000, 88 Queens Quay West
Toronto, ON M5J 0B8


Computershare
Accounts Receivable Department
11 Floor, 100 University Ave
Toronto, ON M5J 2Y1


Control Tech 2011 Ltd.
11001 - 78 Ave
Grande Prairie, AB T8V 1A7


Creit Management L.P.
in Trust for Altius Centre
Suite 210, 140 4th Ave SW
Calgary, AB T2P 3N3

Critical Control Energy Svc Inc.
800, 140 - 10Th Avenue South East
Calgary, AB T2G 0R1

Daniel Clark
c/o Eagle Energy Trust
900, 639 - 5 Ave SW
Calgary, AB T2P 0M9

Dire Contracting & Rentals
Box 361
Grimshaw, AB T0H 1W0

DNOW Canada ULC
PO Box 664 STN. M
Calgary, AB T2P 2J3

Eagle Energy Inc.
2710, 500 - 4 Ave SW
Calgary, AB T2P 2V6

Eagle-Coda Petroleum Inc.
2710 - 500 - 4 Ave SW
Calgary, AB T2P 2V6

Energylink Holdings, LLC
Suite 1100, 639 - 5 Avenue SW
Calgary, AB T2P 0M9

Enmax Commercial Services Inc.
141 - 50 Avenue SE
Calgary, AB T2G 4S7

Fireball Express Courier
150, 700 - 4Th Avenue SW
Calgary, AB T2P 3J4

Fireball Visions Ltd.
3624 Rue De Verdun
Verdun, QC H4G 1K4


Fluid Pressure Testing Ltd.
Box 836
Manning, AB T0H 2M0


Fulcrum Crude Marketing
601, 1015 - 4Th Street SW
Calgary, AB T2R 1J4


Herbison Welding Ltd
PO Box 6156
Peace River, AB T8S 1S2


HJ Mechanical Services Ltd.
Box 884
Grimshaw, AB T0H 1W0


I-Dent Group Inc.
7212 Flint Place SE
Calgary, AB T2H 1Y8


Insignia Energy Ltd.
800, 520 - 3 Ave SW
Calgary, AB T2P 0R3


Jim Pattison Leasing
1235 – 73rd Avenue South East
Calgary, AB T2H 2X1


Manzer Energy Inc.
PO Box 10012 RPO Supercenter
Peace River, AB T8S 0A7

Minister of Fin Province of Alberta
Petroleum Plaza North Tower
9945 108 Street NW Floor 7
Edmonton, AB T5K 2G6

MRC Global ULC
c/o LB 310130 PO Box 578 STN M
Calgary, AB T2P 2J2

Nexen Marketing
801 - 7Th Avenue SW
Calgary, AB T2P 3P7

P2 Energy Solutions Alberta ULC.
Lockbox # C06006C
Box 60, Station M
Calgary, AB T2P 2G9

Parcels Vac Service, 1826435 Ab Ltd
36305 RR 270
Red Deer County, AB T0M 1R0

Pat's Auto Supply
102803 - 100St
Grande Prairie, AB T8V 4H3

Pengrowth Energy Corporation
1900, 222 - 3 Avenue SW
Calgary, AB T2P 0B4

Perisson Petroleum Corp
2000, 530 - 8Th Avenue SW
Calgary, AB T2P 3S8

Peyto Exploration & Dev Corp
300, 600 – 3rd Avenue SW
Calgary, AB T2P 0G5

Point Loma Resources Ltd.
2000, 350 - 7 Ave SW
Calgary, AB T2P 3N9

Provincial Treasurer Min of Fin
9945 - 108 Street
Edmonton, AB T5K 2G8

Ramier Resources Ltd.
7010 - 11 Avenue SW
Calgary, AB T3H 4B4

RCAP Leasing Inc
300-5575 North Service Road
Burlington, ON L7L6M1

Ridgeback Resources Inc.
2800, 525 - 8 Ave SW
Calgary, AB T2P 1G1

Sanling Energy Ltd.
1700, 250 - 2 Street SW
Calgary, AB T2P 0C1

Secure Energy Services
1900, 205 - 5 Ave SW
Calgary, AB T2P 2V7

Select Communications Inc.
DBA: Select Call Centre
201 10368 82 Ave NW
Edmonton, AB T6E 1Z8

Shaw Cablesystems G.P.
Box 1607, STN Main
Calgary, AB T2P 2L7

Sitka Exploration Ltd.
1200, 350 - 7 Ave SW
Calgary, AB T2P 3N9


Solium Capital ULC.
1500, 600 – 3rd Avenue SW
Calgary, AB T2P 0G5


Spyglass Resources Corp.
Livingston Place, West Tower
1700, 250 - 2Nd Street SW
Calgary, AB T2P 0C1


Staples Business Advantage
c/o C25043C PO Box 2524 STN M
Calgary, AB T2P 1B1


Surecall Contact Centres Ltd.
240S, 3030 – 3rd Avenue NE
Calgary, AB T2A 6T7


Tervita Corporation
c/o C3025
Box 2572, STN M
Calgary, AB T2P 3L4


The Bank of Nova Scotia - Visa Only
X
X
X, AB


TR Westcan Inc.
8035 North Fraser Way
Burnaby, BC V5J 5M8


Transzap P2P Canada, Inc
130, 115 Quarry Park Road SE
Calgary, AB T2C 5G9

West Cal Gas Ltd.
163 Valley Creek Road NW
Calgary, AB T3B 5W7


Western Canadian Consulting Inc.
119 Park Meadow Place
Olds, AB T4H 1Y4

AEP Texas
PO Box 24424
Canton, OH 44701


Americawest Resources, LLC
Box 3383
Midland, TX 79702


Andrea Alfred


Atmos Energy Corporation
PO Box 841425
Dallas, TX 75284-1425


B&R Land And Cattle, LLC.
PO Box 2243
Longview, TX 75606


Bee-Line Delivery Service
Box 571267
Houston, TX 77257-1267


Bennett Jones
Attn: Chris Simard
4500 Bankers Hall East, 855
2nd Street SW
Calgary, AB T2P 4K7


Bennie Garza
DBA Garza Auto Repair
210 West 11 Street
Quanah, TX 79252


Biegler Brothers (A Company)
PO Box 188
W. HWY 20
Timberlake, SD 57656

Bill Neal
326 Country Place South
Abilene, TX 79606


Black Shale Minerals, LLC
PO Box 2243
Longview, TX 75606


Caldwell County Appraisal District
PO Box 900
Lockhart, TX 78644


Caldwell County Clerk
1703 S. Colorado St.
Box 1, Suite 1200
Lockhart, TX 78644


Caldwell County Tax Assessor-Col
100 E Market St
Lockhart, TX 78644


City Of Luling
509 E. Crockett
Luling, TX 78648-2603


City Of Quanah
PO Box 629
Quanah, TX 79252


Cliff C. Henderson
Box 4632
Wichita Falls, TX 76308


Collette B. Madison
3523 Hart Lane Sw
Rochester, MN 55902

Conocophillips Company
Attn: Outside Operated JIB
360 Plaza Office Building
315 S. Johnston Ave.
Bartlesville, OK 74004


C-Rose Corporation
PO Box 1630
Rockwall, TX 75087


Dale Ellens
46461 230 St
Wentworth, SD 57075


Dallas Department of Revenue
1100 Commerce Street
Room 121
Dallas, TX 75242


Daryl A Paclik Living Trust 02/01/03,
Attn: Daryl A. Paclik, Trustee
1400 E. Benson Rd.
Sioux Falls, SD 57104


Dean Madison
116 W. Doral Ct.
Sioux Falls, ND 57108


Delaware Secretary Of State
PO Box 5509
Binghamton, NY 13902-5509


Denise Heil
PO Box 770424
Steamboat Springs, CO 80477

Department Of Environmental Quality
PO Box 2036
Oklahoma City, OK 73101


DLA Piper LLP (US)
PO Box 75190
Baltimore, MD 21275


DLA Piper LLP (US)
Attn: Mark Waite
1000 Louisiana
Suite 2800
Houston, TX 77002


Duane Bly
25837 - 484 Ave
Valley Springs, SD 57068


Dwight Hendricks Trust
13723 Woodward
Overland Park, KS 66223


Eagle Energy Acquisitions LP
333 Clay Street
Suite 3005
Houston, TX 77002


Eagle Hydrocarbons Inc.
Energy Tower IV
11750 Katy Freeway
Suite 830
Houston, TX 77079-1255


Endeavor Energy Resources L.P.
110 N Marienfeld
Suite 200
Midland, TX 79701

Energy Tower IV Investments Ltd.
11750 Katy Fwy, Suite 1300
Houston, TX 77079


Estate Of Robin Ruth Webb Street
1549 Weeks Street
Wichita Fals, TX 76302


Flusche Supply Of Quanah Inc
PO Box 351
Electra, TX 76360


FP Mailing Solutions
PO Box 157
Bedford Park, IL 660499-015


Gary Majors Revocable Trust
PO Box 696
Weleetka, OK 74880


Gayle Hander
5208 Prairie CR. Place
Sioux Falls, SD 57108


GLB Exploration Inc
7716 Melrose Lane
Oklahoma City, OK 73127


Glynda Reid,
640 Honeycutt Road
Chillicothe, TX 79225


Gregg W. Carlson
1204 N. Kline Street
Aberdeen, SD 57401

Hamlin G. Fox
1115 Barbara
Tyler, TX 75701


Hardeman County/District Clerk's Office
PO Box 30
Quanah, TX 79252


Harris County Tax Assessor-Collector,
PO Box 4622
Houston, TX 77210-4622


Hoffman Ventures LLC
c/o Blake Hoffman
3513 South Marson Manor Circle
Sioux Falls, SD 57103


Hubco Financial Services, Inc.
Profit Sharing Plan
c/o Howard Lein
12726 N 98 Place
Scottsdale, AZ 85260


Internal Revenue Service
Bankruptcy Insolvency Unit - PO Box 7346
Philadelphia, PA 19101-7346


Jack County Appraisal District
PO Box 958
Jacksboro, TX 76458


James M. Rohl
1419 North Main
Aberdeen, SD 57401


Janette A. Holley
Box 3602
Wichita Falls, TX 76301

Janice O'Connor
5608 South Copperhead Dr.
Sioux Falls, SD 57108


Jeffery & Judy Bush
JT Ten by ENT JT
2421 Sleepy Oak Lane
Deland, FL 32720


Jenifer Edmondson
1213 Wendy Lane
Altus, OK 73521


Jerry W. (Jay) Morton Revocable Trust
1916 Mulholland Dr.
Edmond, OK 73012


Jewell Exploration Ltd.
c/o Steve Jewell
2847 Panorama
Carrollton, TX 75005


Joan B. Squires
99 Mountain Oak Dr.
Bayfield, CO 81122-9781


John F. Warren
509 Main Street
Records Building, 2nd Floor
Dallas, TX 75202


John N. Huff III
3701 Hunters Creek Rd
Edmond, OK 73003

Johnson Trust
c/o Gene Johnson
PO Box 305
1700 Rushmore Dr.
Brandon, SD 57005


Kamay Electric Services, Inc.
PO Box 144
Kamay, TX 76369


Keith Hufsey
445 Newsom Mound
Weatherford, TX 76085


Kelley Family Inc.
40580 250 Street
Mitchell, SD 57301


Kirt Warrack


Kriskon Oil & Gas, Inc.
4809 Cole Avenue
Suite 109
Dallas, TX 75205


L K Ellenberger Trust
12724 Cedar
Leawood, KS 66209


L&S Hot Oil Service Inc
9059 Highway 70s
Vernon, TX 76384


Lario Transports Inc.
9059 US Hwy 70 S.
Vernon, TX 76384

Lein Family Trust, Howard Lein, Trustee
12726 N 98 Place
Scottsdale, AZ 85260


Lewis H Wiens Revocable Trust
148 Lake Shore West Lake
Quivira, KS 66217


Lewis Operating Company
PO Box 10
Holliday, TX 76366


Marguerite Reston Von Tress
2515 Parana Dr
Houston, TX 77080


Marian Webb Miller
114 Paloma Ave 3
Venice, CA 90291


Mark Nethery
11501 Saratoga Club Road
Louisville, KY 40299


Martin County Tax Assessor Collector
Attn: Kathy Hull Rta
Box 998
Stanton, TX 79782


Medallion Energy Services, LLC.
222 West Las Colinas Blvd.
Suite 1140E
Irving, TX 75039


Melissa Webb Hogan
2412 Hempstead Ln
Wichita Falls, TX 76308-1941

Michael Mechtenberg
24687 47 8 Avenue
Dell Rapids, SD 57022-5346


Michael Rasco
2205 Culver Dr.
Midland, TX 79705


Michael Van Buskirk
1304 West Mosby Circle
Sioux Falls, SD 57108


Mike O'Connor
5608 South Copperhead Dr
Sioux Falls, SD 57108


Milbourn Lynch Partnership
1700 Eureka Road
Suite 155
Roseville, CA 95661


Miller Consulting, Inc.
1000 West Avenue
Austin, TX 78701


Mitch C. Green
DBA MCG Drilling & Completing, LLC
PO Box 399
Archer City, TX 76351


OAG Holdings, LLC
1900 Bridge Lan
Unit 5B
Steamboat Springs, CO 80487

Off of the US Trustee for N Dist of TX
Attn: William T. Neary
1100 Commerce Street
Room 976
Dallas, TX 75242

Palo Pinto County Tax Office
Attn: Linda Tuggle
Tax Assessor-Collector
Palo Pinto, TX 76484-0160

Pat & Al LLC
PO Box 997
Ft Pierre, SD 57532

Petroleum Solutions International LLC
PO Box 5228
Lafayette, LA 7505-2285

Quail Trails LLC
1301 NW 156 Ter
Edmond, OK 73013

Quanah I.S.D.
PO Box 388
Quanah, TX 79252

Quanah Oil Company
PO Box 126
Quanah, TX 79252

Quentin Huerter Trust,
c/o Quentin Huerter
12504 Aberdeen Road
Leawood, KS 66209

Richard L. Prey
12051 Lincoln Avenue
Clive, IA 50325


Robert E. Brown Asset Mgmt Trust
Co. Of Oklahoma
Box 3627
Tulsa, OK 74101


Robert N Osmund Rev Trust
Robert Newton Osmund Trustee
14241 SE 83 Street
Newcastle, WA 98059


Roberts & Hammack Inc.
4925 Greenville Ave.
Suite 1140
Dallas, TX 75206


Roger Werth
1602 Werth Court
Aberdeen, SD 57401


Salt Flat Acquisition LLC
16 West 46 Street, 11th Floor
New York, NY 10036


Schmidt-Grimminger, Delf
21 Riverview Hts.
Sioux Falls, SD 57105


Sharyland Utilities
PO Box 650726
Dallas, TX 75265-0726

Shirley A. Ellenberger Trust
c/o Shirley A. Ellenberger
12724 Cedar
Leawood, KS 66209


Stacy Lane Cope
1791 North Calhoun
Liberal, KS 67901


Stearns Tire & Lube
300 Mercer St.
Quanah, TX 79252


Steve Pfeiffer
PO Box 1555
Aberdeen, SD 57402-1555


Steven Schurr
PO Box 105
Roscoe, SD 57471


STRC Oilfield Technology, LLC
327 N. Denton St.
Weatherford, TX 76086


Sujote David Revocable Trust
c/o David Sujote, Trustee
18980 W. 115 Terrace
Olathe, KS 66061


Sunoco


TBBK Direct Leasing
PO Box 140733
Orlando, FL 32814-0733

Texas Comptroller Of Public Accounts
Unclaimed Property Holder
Reporting Section
Austin, TX 78711-2019

Texas Comptroller Of Public Accounts
111 E. 17 Street
Austin, TX 78774-0100

Texas General Land Office
1700 Congress Ave
Austin, TX 78701

The Samuel R Judd, Jr. Trust
3804 Buffalo St.
Vernon, TX 76384

Thomas T. Jr. Holley
Box 3602
Wichita Falls, TX 76301

Three Allen Center Co LLC
PO Box 206513
Dallas, TX 75320-6513

Thurmond-Mcglothlin, LLC
A/R Department
Box 2358
Pampa, TX 79066-2358

TJ Johnson Oil And Gas I, LLC
1215 W. Ralph Rogers Road
Sioux Falls, SD 57108

TJ Johnson Oil And Gas IV, LLC
1215 W. Ralph Rogers Road
Sioux Falls, SD 57108

TJ Johnson Oil And Gas V, LLC
1215 W. Ralph Rogers Road
Sioux Falls, SD 57108


Troy Pierce
4012 Edgewater Place
Mandan, ND 58554


United States Department of Justice
Attn: Legal Department
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001


United States Treasury
PO Box 1300
Charlotte, NC 28201-1303


US Atty Off. For The Northern Dist of TX
Attn: Ericn Nealy Cox
1100 Commerce Street
Suite 300
Dallas, TX 75242


Verla Sue Wilson Holland
5501 Channel Isle Drive
Plano, TX 75093


Wayne Wisniewski


Wellspring Royalties Ltd.
3811 Turtle Creek Blvd. #1800
Dallas, TX 75219


Wharton, A. B.
Box 2248
Vernon, TX 76385

White Oak Global Advisors, LLC
c/o Vinson & Elkins LLP
Attn: Paul E. Heath & Matthew J. Pyeatt
2001 Ross Ave.
Dallas, TX 75201


White Oak Global Advisors, LLC
c/o Blakes, Cassels & Graydon LLP
Attn: Kelly J. Bourassa & Morgan Crilly
855 - 2nd Street S.W., Suite 3500
Calgary, AB T2P 4J8


White Oak Global Advisors, LLC
Kyle Landau
3 Embarcadero Center, 5th Floor
San Francisco, CA 94111


Wilbarger County
1700 Wilbarger St Rm 17
Vernon, TX 76384


Wilhelm Law Firm
Attn: Edward M. Wilhelm
5524 Bee Cave Rd., Ste B-5
Austin, TX 78746


Will Living Trust
c/o Dennis Will, Trustee
3805 S. Orchid Ave
Sioux Falls, SD 57110


William E. Owen Trust
PO Box 720563
Oklahoma City, OK 73172


WTG Gas Processing, L.P.
Sale Ranch Plant
211 North Colorado
Midland, TX 79701-4696

York Oil & Gas Holdings, Inc.
Attn: Erik Linder-Aronson, CEO & Pres.
911 Central Avenue, #101
Albany, NY 12206

Louis R. Strubeck, Jr. (SBT 19425600)
louis.strubeck@nortonrosefulbright.com
Greg M. Wilkes (SBT 24047105)
greg.wilkes@nortonrosefulbright.com
NORTON ROSE FULBRIGHT US LLP
2200 Ross Avenue, Suite 3600
Dallas, Texas 75201-7932
Telephone: (214) 855-8000

Steve A. Peirce (SBT 15731200)
(pro hac vice pending)
steve.peirce@nortonrosefulbright.com
NORTON ROSE FULBRIGHT US LLP
111 West Houston Street, Suite 1800
San Antonio, TX 78205
Telephone: (210) 224-5575

ATTORNEYS FOR CANADIAN RECEIVER

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## WICHITA FALLS DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | Case No. _____ |
| **EAGLE ENERGY INC.** | § | |
| | § | **Chapter 15** |
| **Debtor in a foreign proceeding.** | § | |
| | § | **Joint Administration Pending** |
| | § | |
| | § | |

## CORPORATE OWNERSHIP STATEMENT

Pursuant to Bankruptcy Rules 1007(a) and 7007.1:

### EAGLE ENERGY INC., a

☒     Corporate Debtor

☐     Party to an adversary proceeding

☐     Party to a contested matter

☐     Member of committee of creditors

Makes the following disclosure(s):

All corporations, other than a governmental unit, that directly or indirectly own ten percent (10%) or more of any class of the corporation's equity interest are listed below:

Eagle Energy Inc. is a public corporation amalgamated under the laws of the Province of Alberta.

**OR**

☒      There are no entities that directly or indirectly own 10% or more of any class of the corporation's equity interest.

Dated:  November 20, 2019
Dallas, Texas

Respectfully submitted,

NORTON ROSE FULBRIGHT US LLP

By:    /s/ Greg M. Wilkes
     Louis R. Strubeck, Jr. (SBT 19425600)
     louis.strubeck@nortonrosefulbright.com
     Greg M. Wilkes (SBT 24047105)
     greg.wilkes@nortonrosefulbright.com

2200 Ross Avenue, Suite 3600
Dallas, Texas 75201-7932
Telephone: (214) 855-8000
Facsimile: (214) 855-8200

and

Steve A. Peirce (SBT 15731200)
(pro hac vice pending)
steve.peirce@nortonrosefulbright.com
NORTON ROSE FULBRIGHT US LLP
111 West Houston Street, Suite 1800
San Antonio, TX   78205
Telephone:  (210) 224-5575
Facsimile:  (210) 270-7205

**ATTORNEYS FOR CANADIAN RECEIVER**

| | |
|---|---|
| COURT FILE NUMBER | *1901-16293* |
| COURT | COURT OF QUEEN'S BENCH OF ALBERTA |
| JUDICIAL CENTRE | CALGARY |
| | IN THE MATTER OF AN APPLICATION UNDER SUBSECTION 243(1) OF THE *BANKRUPTCY AND INSOLVENCY ACT*, RSC 1985, C B-3, AS AMENDED |
| APPLICANT | WHITE OAK GLOBAL ADVISORS, LLC, IN ITS CAPACITY AS ADMINISTRATIVE AGENT UNDER THAT CERTAIN CREDIT AGREEMENT DATED MARCH 13, 2017, AS AMENDED |
| RESPONDENT | EAGLE ENERGY INC., EAGLE ENERGY TRUST, EAGLE ENERGY HOLDINGS INC., AND EAGLE HYDROCARBONS INC. |
| DOCUMENT | **RECEIVERSHIP ORDER** |
| ADDRESS FOR SERVICE AND CONTACT INFORMATION OF PARTY FILING THIS DOCUMENT | **BLAKE, CASSELS & GRAYDON LLP** 3500, 855 – 2nd Street S.W. Bankers Hall East Tower Calgary, AB T2P 4J8 Attn: Kelly Bourassa / Morgan Crilly Tel: 403-260-9697 /9657 Fax: 403-260-9700 Email: kelly.bourassa@blakes.com / morgan.crilly@blakes.com File: 74169/5 |

| | |
|---|---|
| **DATE ON WHICH ORDER WAS PRONOUNCED:** | November 19, 2019 |
| **NAME OF JUDGE WHO MADE THIS ORDER:** | The Honourable Justice R.A. Neufeld |
| **LOCATION OF HEARING:** | Calgary, Alberta |

**UPON** the originating application of White Oak Global Advisors, LLC ("**White Oak**", or the "**Agent**"), as the administrative agent on behalf of a group of corporate entities, including White Oak Partners, LLC and White Oak Partners 2, LLC (collectively, the "**Lenders**"), in respect of Eagle Energy

- 2 -

Inc., Eagle Energy Trust, Eagle Energy Holdings Inc., and Eagle Energy Hydrocarbons Inc. (collectively, the "**Debtors**");

     **AND UPON** having read the Application, the Affidavit of Barbara McKee sworn November 18, 2019, and the Affidavit of Service of Linsday Farr sworn November 19, 2019;

     **AND UPON** reading the consent of FTI Consulting Canada Inc. LIT ("**FTI**") to act as receiver and manager ("**Receiver**") of the Debtors;

     **AND UPON** hearing counsel for the Agent, counsel for the proposed Receiver, and any other counsel or other interested parties in attendance; **IT IS HEREBY ORDERED AND DECLARED THAT**:

## SERVICE

1.     The time for service of the originating application for this order (the "**Order**") is hereby abridged and service thereof is deemed good and sufficient and this application is properly returnable today.

## APPOINTMENT

2.     Pursuant to section 243(1) and 243(1.1)(b) of the *Bankruptcy and Insolvency Act*, RSC 1985, c B-3 (the "**BIA**"), and section 13(2) of the *Judicature Act*, RSA 2000, c J-2, FTI Consulting Canada Inc. LIT ("**FTI**") is hereby appointed Receiver, without security, of all of the Debtors' current and future assets, undertakings and properties of every nature and kind whatsoever, and wherever situate, including all proceeds thereof (the "**Property**").

## RECEIVER'S POWERS

3.     The Receiver is hereby empowered and authorized, but not obligated, to act at once in respect of the Property and, without in any way limiting the generality of the foregoing, the Receiver is hereby expressly empowered and authorized to do any of the following where the Receiver considers it necessary or desirable:

     (a)     to take possession of and exercise control over the Property and any and all proceeds, receipts and disbursements arising out of or from the Property;

     (b)     to receive, preserve and protect the Property, or any part or parts thereof, including, but not limited to, the changing of locks and security codes, the relocating of Property to safeguard it, the engaging of independent security personnel, the taking of physical

- 3 -

inventories and the placement of such insurance coverage as may be necessary or desirable;

(c)     to manage, operate and carry on the business of the Debtors, including the powers to enter into any agreements, incur any obligations in the ordinary course of business, cease to carry on all or any part of the business, or cease to perform any contracts of the Debtors;

(d)     to engage consultants, appraisers, agents, experts, auditors, accountants, managers, counsel and such other persons from time to time and on whatever basis, including on a temporary basis, to assist with the exercise of the Receiver's powers and duties, including without limitation those conferred by this Order;

(e)     to purchase or lease machinery, equipment, inventories, supplies, premises or other assets to continue the business of the Debtors or any part or parts thereof;

(f)     to receive and collect all monies and accounts now owed or hereafter owing to the Debtors and to exercise all remedies of the Debtors in collecting such monies, including, without limitation, to enforce any security held by the Debtors;

(g)     to settle, extend or compromise any indebtedness owing to or by the Debtors;

(h)     to execute, assign, issue and endorse documents of whatever nature in respect of any of the Property, whether in the Receiver's name or in the name and on behalf of the Debtors, for any purpose pursuant to this Order;

(i)     to undertake environmental or workers' health and safety assessments of the Property and operations of the Debtors;

(j)     to initiate, prosecute and continue the prosecution of any and all proceedings and to defend all proceedings now pending or hereafter instituted with respect to the Debtors, the Property or the Receiver, and to settle or compromise any such proceedings. The authority hereby conveyed shall extend to such appeals or applications for judicial review in respect of any order or judgment pronounced in any such proceeding, and provided further that nothing in this Order shall authorize the Receiver to defend or settle the action in which this Order is made unless otherwise directed by this Court;

- 4 -

(k)    to market any or all the Property, including advertising and soliciting offers in respect of the Property or any part or parts thereof and negotiating such terms and conditions of sale as the Receiver in its discretion may deem appropriate;

(l)    to sell, convey, transfer, lease or assign the Property or any part or parts thereof out of the ordinary course of business:

    (i)    without the approval of this Court in respect of any transaction not exceeding $500,000, provided that the aggregate consideration for all such transactions does not exceed $1,000,000; and

    (ii)    with the approval of this Court in respect of any transaction in which the purchase price or the aggregate purchase price exceeds the applicable amount set out in the preceding clause,

and in each such case notice under subsection 60(8) of the *Personal Property Security Act*, RSA 2000, c P-7 or any other similar legislation in any other province or territory shall not be required.

(m)    to apply for any vesting order or other orders (including, without limitation, confidentiality or sealing orders) necessary to convey the Property or any part or parts thereof to a purchaser or purchasers thereof, free and clear of any liens or encumbrances affecting such Property;

(n)    to report to, meet with and discuss with such affected Persons (as defined below) as the Receiver deems appropriate all matters relating to the Property and the receivership, and to share information, subject to such terms as to confidentiality as the Receiver deems advisable;

(o)    to register a copy of this Order and any other orders in respect of the Property against title to any of the Property, and when submitted by the Receiver for registration this Order shall be immediately registered by the Registrar of Land Titles of Alberta, or any other similar government authority, notwithstanding Section 191 of the *Land Titles Act*, RSA 2000, c. L-4, or the provisions of any other similar legislation in any other province or territory, and notwithstanding that the appeal period in respect of this Order has not elapsed and the Registrar of Land Titles shall accept all Affidavits of Corporate Signing Authority submitted by the Receiver in its capacity as Receiver of the Debtors and not in its personal capacity;

- 5 -

(p)    to apply for any permits, licences, approvals or permissions as may be required by any governmental authority and any renewals thereof for and on behalf of and, if thought desirable by the Receiver, in the name of the Debtors;

(q)    to enter into agreements with any trustee in bankruptcy appointed in respect of the Debtor, including, without limiting the generality of the foregoing, the ability to enter into occupation agreements for any property owned or leased by the Debtors;

(r)    to exercise any shareholder, partnership, joint venture or other rights which the Debtors may have; and

(s)    to take any steps reasonably incidental to the exercise of these powers or the performance of any statutory obligations;

and in each case where the Receiver takes any such actions or steps, it shall be exclusively authorized and empowered to do so, to the exclusion of all other Persons (as defined below), including the Debtors, and without interference from any other Person.

### DUTY TO PROVIDE ACCESS AND CO-OPERATION TO THE RECEIVER

4.    (i) The Debtors, (ii) all of their current and former directors, officers, employees, agents, accountants, legal counsel and shareholders, and all other persons acting on its instructions or behalf, and (iii) all other individuals, firms, corporations, governmental bodies or agencies, or other entities having notice of this Order (all of the foregoing, collectively, being "**Persons**" and each being a "**Person**") shall forthwith advise the Receiver of the existence of any Property in such Person's possession or control, shall grant immediate and continued access to the Property to the Receiver, and shall deliver all such Property (excluding Property subject to liens the validity of which is dependent on maintaining possession) to the Receiver upon the Receiver's request.

5.    All Persons shall forthwith advise the Receiver of the existence of any books, documents, securities, contracts, orders, corporate and accounting records, and any other papers, records and information of any kind related to the business or affairs of the Debtors, and any computer programs, computer tapes, computer disks or other data storage media containing any such information (the foregoing, collectively, the "**Records**") in that Person's possession or control, and shall provide to the Receiver or permit the Receiver to make, retain and take away copies thereof and grant to the Receiver unfettered access to and use of accounting, computer, software and physical facilities relating thereto, provided however that nothing in this paragraph or in

31446702.3

- 6 -

paragraph 6 of this Order shall require the delivery of Records, or the granting of access to Records, which may not be disclosed or provided to the Receiver due to the privilege attaching to solicitor-client communication or documents prepared in contemplation of litigation or due to statutory provisions prohibiting such disclosure.

6.  If any Records are stored or otherwise contained on a computer or other electronic system of information storage, whether by independent service provider or otherwise, all Persons in possession or control of such Records shall forthwith give unfettered access to the Receiver for the purpose of allowing the Receiver to recover and fully copy all of the information contained therein whether by way of printing the information onto paper or making copies of computer disks or such other manner of retrieving and copying the information as the Receiver in its discretion deems expedient, and shall not alter, erase or destroy any Records without the prior written consent of the Receiver. Further, for the purposes of this paragraph, all Persons shall provide the Receiver with all such assistance in gaining immediate access to the information in the Records as the Receiver may in its discretion require including providing the Receiver with instructions on the use of any computer or other system and providing the Receiver with any and all access codes, account names and account numbers that may be required to gain access to the information.

**NO PROCEEDINGS AGAINST THE RECEIVER**

7.  No proceeding or enforcement process in any court or tribunal (each, a **"Proceeding"**), shall be commenced or continued against the Receiver except with the written consent of the Receiver or with leave of this Court.

**NO PROCEEDINGS AGAINST THE DEBTORS OR THE PROPERTY**

8.  No Proceeding against or in respect of the Debtors or the Property shall be commenced or continued except with the written consent of the Receiver or with leave of this Court and any and all Proceedings currently under way against or in respect of the Debtors or the Property are hereby stayed and suspended pending further Order of this Court, provided, however, that nothing in this Order shall: (i) prevent any Person from commencing a proceeding regarding a claim that might otherwise become barred by statute or an existing agreement if such proceeding is not commenced before the expiration of the stay provided by this paragraph; and (ii) affect a Regulatory Body's investigation in respect of the Debtors or an action, suit or proceeding that is taken in respect of the Debtors by or before the Regulatory Body, other than the enforcement of a

- 7 -

payment order by the Regulatory Body or the Court. "Regulatory Body" means a person or body that has powers, duties or functions relating to the enforcement or administration of an Act of Parliament or of the legislature of a Province.

## NO EXERCISE OF RIGHTS OF REMEDIES

9.      All rights and remedies of any Person, whether judicial or extra-judicial, statutory or non-statutory (including, without limitation, set-off rights) against or in respect of the Debtors or the Receiver or affecting the Property are hereby stayed and suspended and shall not be commenced, proceeded with or continued except with leave of this Court, including, without limitation, any rights or remedies or provisions in any agreement, construction, ownership and operating agreement, joint venture agreement or any such similar agreement or agreements to which the Debtors are a party that purport to effect or cause a cessation of operatorship as a result of the occurrence of any default or non-performance by or the insolvency of the Debtors, the making or filing of these proceedings or any allegation, admission or evidence in these proceedings and under no circumstances shall Eagle Energy Inc. be replaced as operator pursuant to any such agreements without further order of this Court provided, however, that this stay and suspension does not apply in respect of any "eligible financial contract" (as defined in the BIA), and further provided that nothing in this Order shall:

(a)     empower the Debtors to carry on any business that the Debtors are not lawfully entitled to carry on;

(b)     prevent the filing of any registration to preserve or perfect a security interest;

(c)     prevent the registration of a claim for lien; or

(d)     exempt the Debtors from compliance with statutory or regulatory provisions relating to health, safety or the environment.

10.     Nothing in this Order shall prevent any party from taking an action against the Applicant where such an action must be taken in order to comply with statutory time limitations in order to preserve their rights at law, provided that no further steps shall be taken by such party except in accordance with the other provisions of this Order, and notice in writing of such action be given to the Receiver at the first available opportunity.

31446702.3

- 8 -

**NO INTERFERENCE WITH THE RECEIVER**

11.    No Person shall accelerate, suspend, discontinue, fail to honour, alter, interfere with, repudiate, terminate or cease to perform any right, renewal right, contract, agreement, licence or permit in favour of or held by the Debtors, except with the written consent of the Debtors and the Receiver, or leave of this Court. Nothing in this Order shall prohibit any party to an eligible financial contract (as defined in the BIA) from closing out and terminating such contract in accordance with its terms.

**CONTINUATION OF SERVICES**

12.    All persons having:

(a)    statutory or regulatory mandates for the supply of goods and/or services; or

(b)    oral or written agreements or arrangements with the Debtors, including without limitation all computer software, communication and other data services, centralized banking services, payroll services, insurance, transportation, services, utility or other services to the Debtors

are hereby restrained until further order of this Court from discontinuing, altering, interfering with, suspending or terminating the supply of such goods or services as may be required by the Debtors or exercising any other remedy provided under such agreements or arrangements. The Debtors shall be entitled to the continued use of their current premises, telephone numbers, facsimile numbers, internet addresses and domain names, provided in each case that the usual prices or charges for all such goods or services received after the date of this Order are paid by the Debtors in accordance with the payment practices of the Debtors, or such other practices as may be agreed upon by the supplier or service provider and each of the Debtors and the Receiver, or as may be ordered by this Court.

**RECEIVER TO HOLD FUNDS**

13.    All funds, monies, cheques, instruments, and other forms of payments received or collected by the Receiver from and after the making of this Order from any source whatsoever, including without limitation the sale of all or any of the Property and the collection of any accounts receivable in whole or in part, whether in existence on the date of this Order or hereafter coming into existence, shall be deposited into one or more new accounts to be opened by the Receiver

- 9 -

(the "**Post Receivership Accounts**") and the monies standing to the credit of such Post Receivership Accounts from time to time, net of any disbursements provided for herein, shall be held by the Receiver to be paid in accordance with the terms of this Order or any further order of this Court.

**EMPLOYEES**

14.     Subject to employees' rights to terminate their employment, all employees of the Debtors shall remain the employees of the Debtors until such time as the Receiver, on the Debtors' behalf, may terminate the employment of such employees. The Receiver shall not be liable for any employee-related liabilities, including any successor employer liabilities as provided for in section 14.06(1.2) of the BIA, other than such amounts as the Receiver may specifically agree in writing to pay, or in respect of its obligations under sections 81.4(5) or 81.6(3) of the BIA or under the *Wage Earner Protection Program Act*, SC 2005, c 47 ("**WEPPA**").

15.     Pursuant to clause 7(3)(c) of the *Personal Information Protection and Electronic Documents Act*, SC 2000, c 5, the Receiver shall disclose personal information of identifiable individuals to prospective purchasers or bidders for the Property and to their advisors, but only to the extent desirable or required to negotiate and attempt to complete one or more sales of the Property (each, a "**Sale**"). Each prospective purchaser or bidder to whom such personal information is disclosed shall maintain and protect the privacy of such information and limit the use of such information to its evaluation of the Sale, and if it does not complete a Sale, shall return all such information to the Receiver, or in the alternative destroy all such information. The purchaser of any Property shall be entitled to continue to use the personal information provided to it, and related to the Property purchased, in a manner which is in all material respects identical to the prior use of such information by the Debtors, and shall return all other personal information to the Receiver, or ensure that all other personal information is destroyed.

**LIMITATION ON ENVIRONMENTAL LIABILITIES**

16.     (a)     Notwithstanding anything in any federal or provincial law, the Receiver is not personally liable in that position for any environmental condition that arose or environmental damage that occurred:

                (i)     before the Receiver's appointment; or

- 10 -

    (ii)    after the Receiver's appointment unless it is established that the condition arose or the damage occurred as a result of the Receiver's gross negligence or wilful misconduct.

(b)    Nothing in sub-paragraph (a) exempts a Receiver from any duty to report or make disclosure imposed by a law referred to in that sub-paragraph.

(c)    Notwithstanding anything in any federal or provincial law, but subject to sub-paragraph (a) hereof, where an order is made which has the effect of requiring the Receiver to remedy any environmental condition or environmental damage affecting the Property, the Receiver is not personally liable for failure to comply with the order, and is not personally liable for any costs that are or would be incurred by any person in carrying out the terms of the order,

    (i)    if, within such time as is specified in the order, within 10 days after the order is made if no time is so specified, within 10 days after the appointment of the Receiver, if the order is in effect when the Receiver is appointed, or during the period of the stay referred to in clause (ii) below, the Receiver:

        A.    complies with the order, or

        B.    on notice to the person who issued the order, abandons, disposes of or otherwise releases any interest in any real property affected by the condition or damage;

    (ii)    during the period of a stay of the order granted, on application made within the time specified in the order referred to in clause (i) above, within 10 days after the order is made or within 10 days after the appointment of the Receiver, if the order is in effect when the Receiver is appointed, by,

        A.    the court or body having jurisdiction under the law pursuant to which the order was made to enable the Receiver to contest the order; or

        B.    the court having jurisdiction in bankruptcy for the purposes of assessing the economic viability of complying with the order; or

    (iii)    if the Receiver had, before the order was made, abandoned or renounced or been divested of any interest in any real property affected by the condition or damage.

31446702.3

- 11 -

**LIMITATION ON THE RECEIVER'S LIABILITY**

17.  Except for gross negligence or wilful misconduct, as a result of its appointment or carrying out the provisions of this Order the Receiver shall incur no liability or obligation that exceeds an amount for which it may obtain full indemnity from the Property. Nothing in this Order shall derogate from any limitation on liability or other protection afforded to the Receiver under any applicable law, including, without limitation, Section 14.06, 81.4(5) or 81.6(3) of the BIA.

**RECEIVER'S ACCOUNTS**

18.  The Receiver and counsel to the Receiver shall be paid their reasonable fees and disbursements, in each case, incurred at their standard rates and charges. The Receiver and counsel to the Receiver shall be entitled to the benefits of and are hereby granted a charge (the **"Receiver's Charge"**) on the Property, which charge shall not exceed an aggregate amount of $500,000, as security for their professional fees and disbursements incurred at the normal rates and charges of the Receiver and such counsel, both before and after the making of this Order in respect of these proceedings, and the Receiver's Charge shall form a first charge on the Property in priority to all security interests, trusts, deemed trusts, liens, charges and encumbrances, statutory or otherwise, in favour of any Person but subject to section 14.06(7), 81.4(4), 81.6(2) and 88 of the BIA.

19.  The Receiver and its legal counsel shall pass their accounts from time to time.

20.  Prior to the passing of its accounts, the Receiver shall be at liberty from time to time to apply reasonable amounts, out of the monies in its hands, against its fees and disbursements, including the legal fees and disbursements, incurred at the normal rates and charges of the Receiver or its counsel, and such amounts shall constitute advances against its remuneration and disbursements when and as approved by this Court.

**FUNDING OF THE RECEIVERSHIP**

21.  The Receiver be at liberty and it is hereby empowered to borrow by way of a revolving credit or otherwise, such monies from time to time as it may consider necessary or desirable, provided that the outstanding principal amount does not exceed $1,000,000 (or such greater amount as this Court may by further order authorize) at any time, at such rate or rates of interest as it deems advisable for such period or periods of time as it may arrange, for the purpose of funding the exercise of the powers and duties conferred upon the Receiver by this Order, including interim expenditures. The whole of the Property shall be and is hereby charged by way of a fixed and

- 12 -

specific charge (the "**Receiver's Borrowings Charge**") as security for the payment of the monies borrowed, together with interest and charges thereon, in priority to all security interests, trusts, deemed trusts, liens, charges and encumbrances, statutory or otherwise, in favour of any Person, but subordinate in priority to the Receiver's Charge and the charges set out in sections 14.06(7), 81.4(4), 81.6(2) and 88 of the BIA.

22.    Neither the Receiver's Borrowings Charge nor any other security granted by the Receiver in connection with its borrowings under this Order shall be enforced without leave of this Court.

23.    The Receiver is at liberty and authorized to issue certificates substantially in the form annexed as Schedule "A" hereto (the "**Receiver's Certificates**") for any amount borrowed by it pursuant to this Order.

24.    The monies from time to time borrowed by the Receiver pursuant to this Order or any further order of this Court and any and all Receiver's Certificates evidencing the same or any part thereof shall rank on a *pari passu* basis, unless otherwise agreed to by the holders of any prior issued Receiver's Certificates.

25.    The Receiver shall be allowed to repay any amounts borrowed by way of Receiver's Certificates out of the Property or any proceeds, including any proceeds from the sale of any assets without further approval of this Court.

**ALLOCATION**

26.    Any interested party may apply to this Court on notice to any other party likely to be affected, for an order allocating the Receiver's Charge and Receiver's Borrowings Charge amongst the various assets comprising the Property.

**GENERAL**

27.    The Receiver may from time to time apply to this Court for advice and directions in the discharge of its powers and duties hereunder.

28.    Notwithstanding Rule 6.11 of the *Alberta Rules of Court*, unless otherwise ordered by this Court, the Receiver will report to the Court from time to time, which reporting is not required to be in affidavit form and shall be considered by this Court as evidence. The Receiver's reports shall be filed by the Court Clerk notwithstanding that they do not include an original signature.

- 13 -

29. Nothing in this Order shall prevent the Receiver from acting as a trustee in bankruptcy of the Debtor.

30. This Court hereby requests the aid and recognition of any court, tribunal, regulatory or administrative body having jurisdiction in Canada or in any foreign jurisdiction to give effect to this Order and to assist the Receiver and its agents in carrying out the terms of this Order. All courts, tribunals, regulatory and administrative bodies are hereby respectfully requested to make such orders and to provide such assistance to the Receiver, as an officer of this Court, as may be necessary or desirable to give effect to this Order, to grant representative status to the Receiver in any United States proceeding, or to assist the Receiver and its agents in carrying out the terms of this Order.

31. The Receiver be at liberty and is hereby authorized and empowered to apply to any court, tribunal, regulatory or administrative body, wherever located, for the recognition of this Order and for assistance in carrying out the terms of this Order and that the Receiver is authorized and empowered to act as a representative in respect of the within proceedings for the purpose of having these proceedings recognized in a jurisdiction outside Canada.

32. The Plaintiff shall have its costs of this application, up to and including entry and service of this Order, provided for by the terms of the Plaintiff's security or, if not so provided by the Plaintiff's security, then on a substantial indemnity basis, including legal costs on a solicitor-client full indemnity basis, to be paid by the Receiver from the Debtors' estate with such priority and at such time as this Court may determine.

33. Any interested party may apply to this Court to vary or amend this Order on not less than 7 days' notice to the Receiver and to any other party likely to be affected by the order sought or upon such other notice, if any, as this Court may order.

**FILING**

34. The Receiver shall establish and maintain a website in respect of these proceedings at http://cfcanada.fticonsulting.com/Eagleenergy (the **"Receiver's Website"**) and shall post there as soon as practicable:

    (a) all materials prescribed by statue or regulation to be made publically available; and

- 14 -

    (b)    all applications, reports, affidavits, orders and other materials filed in these proceedings by or on behalf of the Receiver, or served upon it, except such materials as are confidential and the subject of a sealing order or pending application for a sealing order.

35.    Service of this Order shall be deemed good and sufficient by:

    (a)    serving the same on:

        (i)    the persons listed on the service list created in these proceedings or otherwise served with notice of these proceedings;

        (ii)    any other person served with notice of the application for this Order;

        (iii)    any other parties attending or represented at the application for this Order; and

    (b)    posting a copy of this Order on the Receiver's Website

and service on any other person is hereby dispensed with.

36.    Service of this Order may be effected by facsimile, electronic mail, personal delivery or courier. Service is deemed to be effected the next business day following transmission or delivery of this Order.

" R. A. Neufeld "
_____

Justice of the Court of Queen's Bench of Alberta

## SCHEDULE "A"

### RECEIVER CERTIFICATE

CERTIFICATE NO. _____

AMOUNT $_____

1. THIS IS TO CERTIFY that FTI Consulting Canada Inc. LIT, the receiver and manager (the **"Receiver"**) of all of the assets, undertakings and properties of Eagle Energy Inc., Eagle Energy Trust, Eagle Energy Holdings Inc., and Eagle Hydrocarbons Inc. appointed by Order of the Court of Queen's Bench of Alberta and Court of Queen's Bench of Alberta in Bankruptcy and Insolvency (collectively, the **"Court"**) dated the [•]th day of November, 2019 (the **"Order"**) made in action number [•], has received as such Receiver from the holder of this certificate (the **"Lender"**) the principal sum of $_____, being part of the total principal sum of $_____ that the Receiver is authorized to borrow under and pursuant to the Order.

2. The principal sum evidenced by this certificate is payable on demand by the Lender with interest thereon calculated and compounded [daily] [monthly not in advance on the _____ day of each month] after the date hereof at a notional rate per annum equal to the rate of _____ per cent above the prime commercial lending rate of Bank of _____ from time to time.

3. Such principal sum with interest thereon is, by the terms of the Order, together with the principal sums and interest thereon of all other certificates issued by the Receiver pursuant to the Order or to any further order of the Court, a charge upon the whole of the Property (as defined in the Order), in priority to the security interests of any other person, but subject to the priority of the charges set out in the Order and the *Bankruptcy and Insolvency Act*, and the right of the Receiver to indemnify itself out of such Property in respect of its remuneration and expenses.

4. All sums payable in respect of principal and interest under this certificate are payable at the main office of the Lender at:

    [•]

5. Until all liability in respect of this certificate has been terminated, no certificates creating charges ranking or purporting to rank in priority to this certificate shall be issued by the Receiver to any person other than the holder of this certificate without the prior written consent of the holder of this certificate.

6. The charge securing this certificate shall operate so as to permit the Receiver to deal with the Property as authorized by the Order and as authorized by any further or other order of the Court.

7. The Receiver does not undertake, and it is not under any personal liability, to pay any sum in respect of which it may issue certificates under the terms of the Order.

DATED the _____ day of _____, 201__.

FTI CONSULTING CANADA INC. LIT, solely in its capacity as Receiver of the Property (as defined in the Order), and not in its personal capacity

Per: _____
Name:
Title: