Louis R. Strubeck, Jr. (SBT 19425600)
louis.strubeck@nortonrosefulbright.com
Greg M. Wilkes (SBT 24047105)
greg.wilkes@nortonrosefulbright.com
NORTON ROSE FULBRIGHT US LLP
2200 Ross Avenue, Suite 3600
Dallas, Texas 75201-7932
Telephone: (214) 855-8000

Steve A. Peirce (SBT 15731200)
(pro hac vice pending)
steve.peirce@nortonrosefulbright.com
NORTON ROSE FULBRIGHT US LLP
111 West Houston Street, Suite 1800
San Antonio, TX   78205
Telephone:  (210) 224-5575

ATTORNEYS FOR CANADIAN RECEIVER

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# WICHITA FALLS DIVISION

| | | |
|---|---|---|
| **In re:** | § § | |
| | § | **Case No. 19-33868-15** |
| **EAGLE ENERGY INC.** | § § | |
| | § | **Chapter 15** |
| **Debtor in a foreign proceeding.** | § § | |
| | § | **Joint Administration Requested** |
| **In re:** | § § | |
| | § | **Case No. 19-33869-15** |
| **EAGLE ENERGY TRUST** | § § | |
| | § | **Chapter 15** |
| **Debtor in a foreign proceeding.** | § § | |
| | § | **Joint Administration Requested** |
| **In re:** | § § | |
| | § | **Case No. 19-33870-15** |
| **EAGLE ENERGY HOLDINGS INC.** | § § | |
| | § § | **Chapter 15** |
| **Debtor in a foreign proceeding.** | § | **Joint Administration Requested** |
| **In re:** | § § | |
| | § | **Case No. 19-70333-15** |
| **EAGLE HYDROCARBONS INC.** | § § | |
| | § | **Chapter 15** |
| **Debtor in a foreign proceeding.** | § § | |
| | § | **Joint Administration Requested** |

**RECEIVER'S EMERGENCY EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND RELIEF PURSUANT TO SECTIONS 105(A) AND 1519 OF THE BANKRUPTCY CODE**

FTI Consulting Canada Inc. ("**FTI**") solely in its capacity as court-appointed receiver (the "**Receiver**") of (1) Eagle Energy Inc. ("**Eagle Energy**"), (2) Eagle Energy Trust ("**Eagle Trust**"), (3) Eagle Energy Holdings Inc. ("**Eagle Holdings**"), and (4) Eagle Hydrocarbons Inc. ("**Eagle US**") (collectively, "**Eagle**" or "**Debtors**") based upon the Receivership Order dated November 19, 2019, entered by the Court of Queen's Bench of Alberta in the Judicial Centre of Calgary, Canada, Court File No. 1901-16293 (the "**Canadian Court**" and the "**Canadian Proceedings**"), and as authorized foreign representative of the above-captioned Debtors, by and through its undersigned counsel, files this *Emergency Ex Parte Application for Provisional Relief Pursuant to Sections 105(a) and 1519 of the Bankruptcy Code* (the "**Application**"), and respectfully states:

**I.**
**JURISDICTION, VENUE, AND CORE ALLEGATIONS**

1.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(a) and (b) and 11 U.S.C. § 1501 of the Bankruptcy Code. Venue is proper in this district pursuant to 28 U.S.C. § 1410. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P).

2.  This Court has jurisdiction over these chapter 15 cases (the "**Chapter 15 Cases**"). Each of the Debtors is eligible to be a debtor under 11 U.S.C. § 109(a) because each Debtor "resides or has a domicile, a place of business, or property in the United States…." 11 U.S.C. §109(a). Among other property located in the United States, each of the Debtors is party to, either as a borrower or a guarantor, the Loan and Security Agreement (as hereinafter defined), which is governed by Texas law and has a Texas forum selection clause. EX R-8-000110; EX R-8-000111; EX R-8-000152; EX R-8-000162; EX R-8-000180; EX R-8-000187; EX R-8-

Case 19-33868-hdh15 Doc 6 Filed 11/21/19 Entered 11/21/19 12:14:27 Page 3 of 20

000196; EX R-8-000203; *see also In re Ocean Rig UDW Inc.*, 570 B.R. 687, 700 (Bankr. S.D.N.Y. 2017), appeal dismissed, 585 B.R. 31 (S.D.N.Y. 2018), aff'd, 764 Fed. Appx. 46 (2d Cir. 2019) (holding that the presence of a New York choice of law and forum selection clauses in a debt indenture satisfies the 109(a) "property in the United States" eligibility requirement); *see In re U.S. Steel Canada Inc.*, Case No. 7-11519 (MG), 571 B.R. 600, 609-11, 2017 WL 3225914 at *7-8 (Bankr. S.D.N.Y. July 31, 2017) (same).

3. Venue is proper in this district pursuant to 28 U.S.C. § 1410. A Chapter 15 case may be commenced in the district court of the United States for the district in which the debtor has its principal place of business or principal assets in the United States. 28 U.S.C. § 1410(1). With respect to Eagle US, its principal assets are in Hardeman and Palo Pinto Counties. *See* EX R-6-000001-2. A Chapter 15 case may also be commenced in the district court of the United States where the venue will be consistent with the interests of justice and the convenience of the parties, having regard to the relief sought by the foreign representative. 28 U.S.C. §1410(3). The Canadian Debtors have few assets in the US, so it is consistent with the interest of justice and convenience that the Canadian Debtors' cases be filed in the same venue as the US subsidiary.

## II.
## EMERGENCY RELIEF REQUESTED

4. The Receiver seeks emergency provisional relief under Bankruptcy Code sections 1519 and 105(a), staying execution against the Debtors' assets until and through the Court's consideration of the Receiver's *Expedited Petition for Recognition as a Foreign Main Proceeding, or in the Alternative, Foreign Nonmain Proceeding, Pursuant to Sections 1515 and 1517 of the Bankruptcy Code and Related Relief* (the "**Petition**"), filed contemporaneously with this Application. Prior to entry of a recognition order, the Debtors do not have the protections of

the Bankruptcy Code, including the automatic stay provisions. Accordingly, emergency provisional relief is necessary to prevent creditors and other parties from continuing litigation or taking action against the Debtors' U.S. assets that could prejudice and disrupt the Canadian Proceedings (defined below), thereby interfering with the Receiver's ability to conduct operations and the ultimate sale of assets.

### III.
### SUPPORT FOR THIS APPLICATION

5. The Receiver attaches the following Exhibits to this Petition.

**Table 1**:

| Exhibit | Description | Comment |
|---|---|---|
| A | Form of Order Granting Emergency Ex Parte Application for Provisional Relief Pursuant to Sections 105(a) and 1519 of the Bankruptcy Code | |

6. The Receiver also requests that the Court take judicial notice of its files in this case. Further, the Receiver relies upon exhibits (referenced, but not attached) and testimony to be submitted at the hearing on this Petition.

### IV.
### BACKGROUND

**A.** **Canadian Entities**

7. Eagle Energy, which is the ultimate direct or indirect parent entity of the other Debtors, is a public corporation with its common shares currently listed on the TSX Venture Exchange under the symbol "EGL." EX R-3-000003 (McKee Affidavit ¶11). Eagle Energy was amalgamated under the laws of the Province of Alberta with its registered and head office located in Calgary, Alberta. Eagle Energy is the operator and 50% working interest participant in certain oil and gas assets in the Dixonville, Montney "C" oil pool in Northern Alberta. *Id*.

8. Eagle Energy is the trustee and sole unitholder of Eagle Trust, an unincorporated open-ended limited purpose trust formed under the laws of the Province of Alberta, which does not carry on business other than to own all of the shares of Eagle Holdings. EX R-3-000003 (McKee Affidavit ¶12).

9. Eagle Holdings is a corporation incorporated pursuant to the laws of the Province of Alberta with its registered and head office located in Calgary, Alberta. EX R-3-000004 (McKee Affidavit ¶13). Eagle Holdings is a direct wholly owned subsidiary of Eagle Trust. *Id*. Eagle Holdings does not carry on business other than to own all of the shares of Eagle US. *Id*.

B. **US Subsidiary**

10. Eagle US is a company incorporated pursuant to the laws of the State of Delaware, United States, with an office in Houston, Texas. EX R-3-000004 (McKee Affidavit ¶15). Eagle US is a wholly owned subsidiary of Eagle Holdings. *Id*.

C. **Business Operations of the Debtors**

11. The Debtors are engaged in the ownership and acquisition of stable, primarily oil producing properties with development and exploitation potential in Canada and the United States. EX R-3-000004 (McKee Affidavit ¶16). Eagle Energy's registered office is in Calgary, Alberta. *Id*.

D. **Events Leading to the Commencement of the Canadian Proceedings**

12. The Applicant for the Receivership Order is White Oak Global Advisors, LLC ("**White Oak**"). EX R-2-000001. White Oak is the administrative agent (in such capacity, the "**Agent**") on behalf of a group of corporate entities, including White Oak Partners, LLC and White Oak Partners 2, LLC (collectively, and in such capacity, the "**Lenders**") pursuant to that certain *Loan and Security Agreement* dated as of March 13, 2017 between Eagle Energy and Eagle US (collectively, the "**Borrowers**"), as borrowers, Eagle Trust and Eagle Holdings

(collectively, the "**Guarantors**"), as guarantors, White Oak acting as Agent, and the Lenders, as lenders (the "**Original Loan and Security Agreement**"), as subsequently amended by a first amending agreement dated April 13, 2017, but effective as of March 31, 2017, a second amending agreement dated June 29, 2017, a third amending agreement dated September 29, 2017, a fourth amending agreement dated February 8, 2018, a fifth amending agreement dated March 20, 2018, a sixth amending agreement dated August 28, 2018, a seventh amending agreement dated March 18, 2019, and an eighth amending agreement dated May 13, 2019 (collectively the "**Loan and Security Agreement**"). EX R-3-000001-2 (McKee Affidavit ¶2). The Agent alleges that, as of November 15, 2019, the total indebtedness of the Borrowers to the Agent and the Lenders under the Term Loans is (a) US$ 31,185,540.24, consisting of (i) a principal balance of approximately US$ 30,686,145.95 under the Term Loans, (ii) accrued and unpaid interest (including interest at the Default Rate) of approximately US$ 190,626.56 with interest accruing thereafter at the default rate; and (iii) repayment premium US$ 308,767.73 plus (b) all legal and other costs and expenses incurred by the Agent (both prior to and following the date of this Application) pursuant to the terms of the Loan and Security Agreement, (collectively, the "**Outstanding Indebtedness**"). EX R-3-000004-5 (McKee Affidavit ¶19). The Agent claims that the Outstanding Indebtedness is secured by essentially all property of the Debtors. EX R-3-000005-7 (McKee Affidavit).

E.      **The Canadian Proceedings**

13.     After multiple events of default by the Debtors under the Loan and Security Agreement, on November 19, 2019, White Oak filed an Originating Application (Appointment of Receiver) in the Canadian Proceedings seeking the appointment of FTI as receiver under section 243 of the BIA and section 13(2) of the Judicature Act, RSA 2000 c J-2. EX R-2-000001.

94172462.5                                     - 6 -

14. The applicable Canadian laws are discussed in the Declaration of Foreign Counsel to be submitted at the hearing. The BIA is one of two pieces of federal legislation in Canada applicable to bankruptcies and insolvencies.[1] Bankruptcy and Insolvency Act, R.S.C. 1985, c. B-3 (Can.). The BIA governs both voluntary and involuntary bankruptcy liquidations and provides for debtor reorganizations.

15. The BIA also authorizes a court to appoint a receiver upon a secured creditor's application. *Id.* § 243(1). Such court-appointed receivers are given a mandate and specific powers as set out in the order appointing the receiver. These duties typically include: (1) taking possession and control of the property and assets of the debtor; (2) marketing and selling such property and assets in a commercially reasonable manner (whether as a going concern, en-bloc, or otherwise) and under the supervision and approval of the appointing court; and (3) distributing the proceeds of such sales to the stakeholders in accordance with the legal entitlement. The appointing court has broad discretion to authorize the receiver to "take any other action that the court considers advisable." *Id.* § 243(1)(c).

16. A court-appointed receiver under the BIA is a "national" receiver, meaning that a receiver administers assets in each of Canadian's ten provinces and three territories, typically without further order of provincial courts. The BIA and its related legislation (the Companies' Creditors Arrangement Act) are federal legislation. But provincial legislative jurisdiction governs property and civil rights, potentially affecting some insolvency-related matters, similar

---

[1] The second federal legislation in Canada concerning bankruptcies and insolvencies is the Companies' Creditors Arrangement Act ("**CCAA**"), which affords financially troubled corporations the opportunity to restructure their financial affairs through a "Plan of Arrangement." Companies' Creditors Arrangement Act, R.S.C. 1985, c. C-36 (Can.). The CCAA process is akin to chapter 11 of the Bankruptcy Code, affording companies an opportunity to restructure operations rather than liquidate. *See In re Fracmaster, Ltd.*, 237 B.R. 627, 629 n.3 (Bankr. E.D. Tex. 1999).

to the interplay between state and federal law in the United States. Nonetheless, the BIA provides a statutory framework for a court-appointed receiver to carry out its mandate on a national basis rather than relying on the various provincial statutes or courts for its authority.

17. The Judicature Act authorizes the Court to appoint a receiver where it is "just and convenient" on any terms and conditions the Court thinks just. Generally, the Judicature Act codifies broad equitable powers of the Court which allows it to provide for certain remedies where equitable, including the appointment of a receiver. The powers and duties of a receiver appointed by the Court pursuant to section 13(2) of the Judicature Act is set out in the order appointing the receiver and may be tailored to the specific circumstances. Generally such powers and/or duties will be the same or similar to a receiver appointed under the BIA as noted above.

18. On November 19, 2019, the Canadian Court, Honorable Justice R.A. Neufeld, entered the Receivership Order (the "**Receivership Order**") pursuant to section 243 of the BIA and section 13(2) of the Judicature Act, RSA 2000 c J-2. EX R-1-000001 (Receivership Order). The Receivership Order specifically authorizes the Receiver to act "as a representative in respect of the within proceedings for the purpose of having these proceedings recognized in a jurisdiction outside Canada." EX R-1-000001 (Receivership Order ¶31). It empowers and authorizes the Receiver to take numerous steps involving the property of the entities subject to the Canadian Proceeding. EX R-1-000002-5 (Receivership Order ¶3). Likewise, the Receivership Order grants the Receiver access to all of the Debtors' books, records, contracts, securities, and information. EX R-1-000005-6 (Receivership Order ¶¶ 4-6). Additionally, the Receivership Order imposes a stay of proceedings against the Receiver, the Debtors, or the

Debtors' property similar to the protections available under 11 U.S.C. § 362(a). EX R-1-000006-8 (Receivership Order ¶¶ 7-11).

19. The Receivership Order includes a request by the Canadian Court for "aid and recognition of any court . . . having jurisdiction in Canada or in any foreign jurisdiction . . . , to give effect to [the Receivership Order] and to assist the Receiver and its agents in carrying out the terms of [the Receivership Order]." EX R-1-0000013 (Receivership Order ¶30).

**F.  The Chapter 15 Cases**

20. On November 20, 2019, the Receiver filed Official Form No. 401 Chapter 15 petitions for each of the Debtors pursuant to 11 U.S.C. § 1504, 1509(a) and 1515(a).

21. Pursuant to the Receivership Order, the Receiver is a foreign representative in a foreign proceeding, and hereby seeks relief under Chapter 15 of the Bankruptcy Code.

**V.
ARGUMENT AND AUTHORITIES**

**A.  Provisional Relief Authorized by Bankruptcy Code Section 1519.**

22. The Receiver has contemporaneously filed expedited petitions for recognition for each Debtor, seeking a recognition and a ruling that the Canadian Proceedings are foreign main proceedings (or alternatively, nonmain proceedings) under 11 U.S.C. §§ 1517(b)(1) and 1520. Although "[a] petition for recognition of a foreign proceeding shall be decided upon at the earliest possible time,"[2] there is necessarily a gap between the time the petition for recognition is filed and the time the Court makes a decision on whether a proceeding should be recognized, and if so, whether such proceeding is a foreign main proceeding or a foreign nonmain proceeding.

---

[2] 11 U.S.C. § 1517(c).

Accordingly, the Receiver seeks emergency provisional relief under 11 U.S.C. § 1519 and 11 U.S.C. § 105(a).[3]

23. The standard for such provisional relief is "where relief is urgently needed to protect the assets of the debtor or the interests of the creditors." 11 U.S.C. § 1519(a). Pending a determination by the Court on the petition for recognition, the following provisional relief under 11 U.S.C. § 1519(a) is available:

> (1) staying execution against the debtor's assets;
>
> (2) entrusting the administration or realization of all or part of the debtor's assets located in the United States to the foreign representative or another person authorized by the court, including an examiner, in order to protect and preserve the value of assets that, by their nature or because of other circumstances, are perishable, susceptible to devaluation or otherwise in jeopardy; and
>
> (3) any relief referred to in paragraph (3), (4), or (7) of section 1521(a).

11 U.S.C. § 1519(a). In turn, section 1521(a)(3)-(7) permits the Court to provisionally grant the following relief:

> (3) suspending the right to transfer, encumber, or otherwise dispose of any assets of the debtor to the extent this right has not been suspended under section 1520(a);
>
> (4) providing for the examination of witnesses, the taking of evidence or the delivery of information concerning the debtor's assets, affairs, rights, obligations or liabilities [11 U.S.C. § 1521(a)(4)]; [and]
>
> (7) granting any additional relief that may be available to a trustee, except for relief available under sections 522, 544, 545, 547, 548, 550, and 724 (a) [11 U.S.C. § 1521(a)(7)].

11 U.S.C. § 1521(a).

---

[3] Section 105(a) provides: "The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process."

B.  **Provisional Relief Sought by the Receiver.**

24.  Consistent with section 1519, the Receivership Order, and principles of comity, the Receiver requests the following provisional relief pending a determination on the Receiver's Expedited Petition for Recognition (collectively, the "**Provisional Relief**"):

(a) The commencement or continuation of any action or proceeding concerning the assets, rights, obligations or liabilities of the Debtors, including any action or proceeding against FTI in its capacity as Receiver of the Debtors, be stayed. 11 U.S.C. §§ 1519(a)(3); 1521(a)(7).

(b) Execution against the assets of the Debtors be stayed. 11 U.S.C. § 1519(a)(1).

(c) The administration or realization of all or part of the assets of the Debtors within the territorial jurisdiction of the United States be entrusted to the Receiver, and the terms of the Receivership Order shall apply to the Debtors, its creditors, the Receiver, and any other parties-in-interest. 11 U.S.C. § 1519(a)(2).

(d) The right of any person or entity, other than the Receiver, to transfer or otherwise dispose of any assets of the Debtors be suspended unless authorized in writing by the Receiver or by Order of this Court. 11 U.S.C. §§ 1519(a)(3); 1521(a)(3).

(e) The Receiver may undertake the examination of witnesses, the taking of evidence, the production of documents, or the delivery of information concerning the assets, affairs, rights, obligations or liabilities of the Debtors. 11 U.S.C. §§ 1519(a)(3); 1521(a)(4).

(f) Notwithstanding Rule 7062 of the Bankruptcy Rules, made applicable to this case by Rule 1018 of the Bankruptcy Rules, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry and, upon its entry, shall become final and appealable.

(g) The Receiver is authorized and empowered, but not obligated to (i) maintain and continue to use, with the same account numbers, all of the Debtors' existing bank accounts at depository institutions in the United States (the "**Bank Accounts**"); (ii) treat the Bank Accounts for all purposes as debtor-in-possession accounts; (iii) maintain and continue to use the Debtors' existing business forms, stationery and checks, all without the appellation "debtor-in-possession"; and (iv) preserve the reporting and accounting mechanisms used by the Debtors in respect of the Bank Accounts.

(h) The Receiver is authorized to maintain the Debtors' existing cash management system, to allow receipt and sending of transfers via the ACH or automatic clearing house system and by wire transfer (collectively, the "**Cash Management System**"), all subject to the terms and conditions of the Debtors' prepetition agreements with their depository institutions (including the right to pay all pre-petition and post-petition administrative fees associated with such Bank Accounts and Cash Management System), provided however, that no prepetition obligations of any kind to be paid except as authorized hereby.

(i) This Court shall retain jurisdiction with respect to the enforcement, amendment or modification of this Order, any request for additional relief or any adversary proceeding brought in and through these Chapter 15 foreign proceedings, and any request by an entity for relief from the provisions of this Order, for cause shown, that is properly commenced and within the jurisdiction of this Court.

(j) The security provision provided in Rule 65(c) of the Federal Rules of Civil Procedure, made applicable through Rule 7065 of the Bankruptcy Rules, is unnecessary in this case be waived.

C. **Standard Applicable to Provisional Relief.**

25. The standard for issuance of provisional relief under section 1519 of the Bankruptcy Code is the same as that which is required for an injunction. 11 U.S.C. § 1519(e).[4] Accordingly, the following factors applicable to the issuance of an injunction apply to this Application:

> (1) a substantial likelihood of success on the merits; (2) a substantial threat that the movant will suffer irreparable injury if the injunction is not issued; (3) that the threatened injury to the movant outweighs any damage the injunction might cause the opponent; and (4) that the injunction will not disserve the public interest.

*Blue Bell Bio-Medical v. Cin-Bad, Inc.*, 864 F.2d 1253, 1256 (5th Cir. 1989); *see also Dallas Cowboy Cheerleaders, Inc. v. Scoreboard Posters, Inc.*, 600 F.2d 1184, 1187 (5th Cir. 1979). The Receiver contends that these four factors are met.

---

[4] However, an adversary proceeding need not be filed in order to obtain relief under section 1519. *In re Pro-Fit Holdings Ltd.*, 391 B.R. 850, 858-59 (Bankr. C.D. Cal. 2008); *In re Ho Seok Lee*, 348 B.R. 799, 801 (Bankr. W.D. Wash. 2006).

**(1)  The Receiver has a substantial likelihood of success on the merits.**

26. The Canadian Proceedings should be recognized, as other courts have consistently recognized BIA proceedings as foreign proceedings. *See* 11 U.S.C. § 1515(b); *In re Calmena Energy Servs. Inc.*, No 15-30786 (Bankr. S.D. Tex. March 5, 2015) ECF N. 17 (recognizing Canadian receivership proceeding as foreign proceeding); *In re Poseidon Concepts Corp.*, No. 13-15893 (Bankr. D. Colo. May 15, 2013), ECF No. 60 (same); *In re Nortel Networks, Inc.*, 469 B.R. 478, 487 (Bankr. D. Del. 2012) (the Court entered an Order recognizing the proceeding under the CCAA was a foreign main proceeding under chapter 15 of the Bankruptcy Code); *In re Metcalfe & Mansfield Alternative Investments*, 421 B.R. 685, 688 (Bankr. S.D.N.Y. 2010) ("It is clear that the Canadian Proceedings should be recognized as a foreign main proceeding."); *In re Gandi Innovations Holdings, LLC*, 09-51782-C, 2009 WL 2916908 (Bankr. W.D. Tex. June 5, 2009) (unpublished disposition) (the "CCAA Proceeding is a foreign proceeding entitled to recognition under Chapter 15 of the Code.").[5]

27. Further, the Receiver is a proper "foreign representative" because it constitutes a "person or body" as defined under Section 101(41) of the Bankruptcy Code. The Receiver has also been authorized in the Canadian Proceedings to act as the Debtors' foreign representative. *See* Receivership Order ("Each of the Applicants and the Receiver be at liberty and is hereby

---

[5] For numerous other examples of U.S. courts recognizing Canadian insolvency proceedings a "foreign proceedings," see *In re GasFrac Energy Servs., Inc.*, No. 15-50161 (Bankr. W.D. Tex. Feb. 2, 2014), ECF No. 46; *In re Angiotech Pharm., Inc.,* No. 11-10269 (Bankr. D. Del. Feb. 22, 2011), ECF No. 83; *In re Canwest Global Communications Corp., et al.*, No. 09-15994 (Bankr. S.D.N.Y. Nov. 3, 2009), ECF No. 30; *In re SemCanada Crude Co.*, No. 09-12637 (Bankr. D. Del. Aug. 27, 2009), ECF No. 30; *In re Quebecor World Inc.*, No. 08-13814 (Bankr. S.D.N.Y. July 1, 2009), ECF No. 12; *In re Biltrite Rubber (1984) Inc., et al.*, No. 09-31423 (Bankr. N.D. Ohio Apr. 2, 2009), ECF No. 58; *In re MAAX Corp.,* No. 08-11443 (Bankr. D. Del. Aug. 6, 2008), ECF No. 37; *In re Destinator Techs., Inc.*, No. 08-11003 (Bankr. D. Del. June 6, 2008), ECF No. 43; *In re Innova Global Ltd.*, No. 19-10653, ECF 54 (Bankr. N.D. Okla. April 19, 2019).

authorized and empowered to apply to any court, tribunal, regulatory or administrative body, wherever located, for the recognition of this Order and for assistance in carrying out the terms of this Order. . . ."). The Court is therefore entitled to presume that the Receiver is a proper "foreign representative." *See* 11 U.S.C. § 1516(b).[6]

28. The Receiver also contends that the center of main interests for the Debtors is in Canada, since, among other things, the nerve center for the Debtors is in Canada and other factors as described in the contemporaneously filed *Expedited Petition For Recognition As Foreign Main Proceedings, Or Alternatively As Foreign Nonmain Proceedings, Pursuant To Sections 1515 And 1517 Of The United States Bankruptcy Code And Related Relief*, which is hereby incorporated as if set forth fully herein.

29. Upon recognition as foreign main proceedings, most of the Provisional Relief is granted automatically under section 1520, including:

> (1) sections 361 and 362 apply with respect to the debtor and the property of the debtor that is within the territorial jurisdiction of the United States;
>
> (2) sections 363, 549, and 552 apply to a transfer of an interest of the debtor in property that is within the territorial jurisdiction of the United States to the same extent that the sections would apply to property of an estate;
>
> (3) unless the court orders otherwise, the foreign representative may operate the debtor's business and may exercise the rights and powers of a trustee under and to the extent provided by sections 363 and 552; and
>
> (4) section 552 applies to property of the debtor that is within the territorial jurisdiction of the United States.

11 U.S.C. § 1520(a).

---

[6] Various courts have previously considered a receiver appointed pursuant to BIA § 243(1) to be a duly authorized "foreign representative." *See, e.g.*, *In re Poseidon Concepts Corp.*, No. 13-15893 (Bankr. D. Colo. May 15, 2013), ECF No. 60 (recognizing Canadian receivership proceeding as foreign proceeding); *In re Baronet U.S.A. Inc.*, No. 07-13821 (Bankr. S.D.N.Y. Jan. 1, 2008), ECF No. 15 (same).

30.     Even if the Court were to determine that the Canadian Proceeding was a foreign nonmain proceeding for one or both of the Debtors, the Court could still order protective relief to the Receiver during the pendency of the Chapter 15 cases. The Court has the discretion to grant "any appropriate relief," immaterial of whether the Canadian Proceedings are foreign main proceedings or foreign nonmain proceedings. 11 U.S.C. § 1521(a). Such relief includes:

> (1) staying the commencement or continuation of an individual action or proceeding concerning the debtor's assets, rights, obligations or liabilities to the extent they have not been stayed under section 1520(a);
>
> (2) staying execution against the debtor's assets to the extent it has not been stayed under section 1520(a);
>
> (3) suspending the right to transfer, encumber or otherwise dispose of any assets of the debtor to the extent this right has not been suspended under section 1520(a);
>
> (4) providing for the examination of witnesses, the taking of evidence or the delivery of information concerning the debtor's assets, affairs, rights, obligations or liabilities;
>
> (5) entrusting the administration or realization of all or part of the debtor's assets located within the territorial jurisdiction of the United States to the foreign representative or another person, including an examiner, authorized by the court;
>
> (6) extending relief granted under section 1519(a); and
>
> (7) granting any additional relief that may be available to a trustee, except for relief available under sections 522, 544, 545, 547, 548, 550, and 724(a).

11 U.S.C. § 1521(a). Additionally, a court may "entrust the distribution of all or part of the debtor's assets located in the United States to the foreign representative." 11 U.S.C. § 1521(b).

31.     Here, the Provisional Relief requested is consistent with the Receivership Order and is authorized by this Court's discretionary authority under section 1519 and principles of comity.

32. Comity is a central tenet of Chapter 15. *Firefighters' Retirement Sys. v. Citco Grp. Ltd.*, 796 F.3d 520, 525 (5th Cir. 2015); *Ad Hoc Group of Vitro Noteholders v. Vitro SAB de CV* (*In re Vitro SAB de CV*), 701 F.3d 1031, 1053 (5th Cir. 2012). The U.S. Supreme Court defines comity as "the recognition which one nation allows within its territory to the legislative, executive, or judicial acts of another nation, having due regard both to international duty and convenience, and to the rights of its own citizens, or of other persons who are under the protection of its laws." *Hilton v. Guyot*, 159 U.S. 113, 143 (1895).

33. Exceptions to comity are construed particularly narrowly when the foreign jurisdiction is one such as Canada, a fellow common law jurisdiction with procedures akin to those in the United States. *See, e.g., In re Metcalfe & Mansfield Alternative Investments*, 421 B.R. 685, 698-99 (Bankr. S.D.N.Y. 2010); *In re Blackwell*, 270 B.R. 814, 823 (Bankr. W.D. Tex. 2001); *In re Singer*, 205 B.R. 355, 357 (Bankr. S.D.N.Y. 1997).

34. The extension of comity to orders issued in Canadian insolvency proceedings is exceedingly common. *See, e.g., In re Nortel Networks, Inc.*, 469 B.R. 478, 487 (Bankr. D. Del. 2012); *In re Metcalfe & Mansfield Alt. Invs.*, 421 B.R. 685, 688 (Bankr. S.D.N.Y. 2010); *In re Gandi Innovations Holdings, LLC*, No. 09-51782, 2009 WL 2916908, at *1 (Bankr. W.D. Tex. June 5, 2009); *In re Petition of Ernst & Young, Inc.*, 383 B.R. 773, 777 (Bankr. D. Colo. 2008).[7] Indeed, the BIA is similar to chapter 7 of the Bankruptcy Code, as both are statutory regimes intended to facilitate the liquidation of a debtor, provide a "breathing spell" from creditors'

---

[7] For numerous other examples, *see, e.g., In re Calmena Energy Svcs., Inc.*, No. 15-30786 (Bankr. S.D. Tex. Mar. 5, 2015), ECF No. 17; *In re Poseidon Concepts Corp.*, No. 13-15893 (Bankr. D. Colo. May 15, 2013), ECF No. 60; *In re GASFRAC Energy Svcs., Inc.*, No. 15-50161 (Bankr. W.D. Tex. Feb. 2, 2014), ECF No. 46; *In re Angiotech Pharm., Inc.*, No. 11-10269 (Bankr. D. Del. Feb. 22, 2011), ECF No. 83; *In re Canwest Global Comms. Corp.*, No. 09-15994 (Bankr. S.D.N.Y. Nov. 3, 2009), ECF No. 30; *In re SemCanada Crude Co.*, No. 09-12637 (Bankr. D. Del. Aug. 27, 2009), ECF No. 30; *In re Innova Global Ltd.*, No. 19-10653, ECF 54 (Bankr. N.D. Okla. April 19, 2019).

collection efforts and a centralized process to assert and resolve claims against the debtor's estate, and provide a fair and equitable process for distribution to creditors in order of priority. *Metcalfe & Mansfield Alternative Investments*, 421 B.R. at 698 ("The U.S. and Canada share the same common law traditions and fundamental principles of law. Canadian courts afford creditors a full and fair opportunity to be heard in a manner consistent with standards of U.S. due process. U.S. federal courts have repeatedly granted comity to Canadian proceedings.").

35. Courts within the Fifth Circuit have granted provisional and final relief substantially similar to the Provisional Relief sought by this Application. *See In re Calmena Drilling Services, LLC et al.*, Case NO. 15-30786, Dkt. No. 17 (Bankr. S.D. Tex. Mar. 5, 2015); *In re GASFRAC Energy Svcs., Inc.*, No. 15-50161 (Bankr. W.D. Tex. Jan. 30, 2015).

> **(2) There is a substantial threat of irreparable injury if the interim relief is not granted.**

36. The Receivership Order provides for a stay against seizure of assets and litigation akin to the automatic stay embodied in section 362(a) of the Bankruptcy Code. It is the Receiver's intention to continue operations of the Debtors for a period of time so that the assets may ultimately be sold as a going concern. As such, the Receiver needs to stabilize operations and operate in the normal course, including paying employees and ongoing expenses. If the Receiver's authority is not honored in the US, or if creditors or parties in interest take collection actions or exercise self-help, the ordinary course operations of the Debtors and the Receiver's ability to conduct and effectuate the sale of assets could be jeopardized. *See, e.g., In re Netia Holdings S.A.*, 278 B.R. 344, 352 (Bankr. S.D.N.Y. 2002) ("It is well established . . . that the dissipation of the finite resources of an insolvent estate constitutes irreparable injury."); *In re MMG, LLC*, 256 B.R. 544, 555 (Bankr. S.D.N.Y. 2000) ("[I]rreparable harm exists whenever

local creditors of the foreign debtor seek to collect their claims or obtain preferred positions to the detriment of other creditors.").

**(3) The threatened injury to the Debtors outweighs any damage the interim relief would cause to an opponent.**

37. The Provisional Relief will benefit the Debtors' creditors by ensuring an equitable and orderly distribution of assets and facilitate the Canadian Proceeding. *See, e.g., In re Basis Yield Alpha Fund (Master)*, Case No. 07-12762 (Bankr. S.D.N.Y.), ECF No. 5 (stating that failing to issue a restraining order against creditors could, *inter alia*, "undermine the Foreign Representative's efforts to achieve an equitable result for the benefit of all of the Foreign Debtor's creditors.").

**(4) The Provisional Relief will not disserve the public interest.**

38. The Provisional Relief will not disserve the public interest because it is *in* the public interest for the Provisional Relief to be granted. *Cornfeld v. Investors Overseas Servs., Ltd.*, 471 F.Supp. 1255, 1259 (S.D.N.Y. 1979), *aff'd* 614 F.2d 1286 (2d Cir. 1979) ("American public policy would be furthered, for the firm policy of American courts is the staying of actions against a corporation which is the subject of a bankruptcy proceeding in another jurisdiction."); *see also Rehabworks, Inc. v. Lee (In re Integrated Health Servs., Inc.)*, 281 B.R. 231, 239 (Bankr. D. Del. 2002) ("In the context of a bankruptcy case, promoting a successful reorganization is one of the most important public interests."); *In re Lazarus Burman Assocs.*, 161 B.R. 891, 901 (Bankr. E.D.N.Y. 1993) ("The public interest, in the context of a bankruptcy proceeding, is in promoting a successful reorganization."). The Provisional Relief will facilitate a cross-border liquidation that will provide a benefit to the Debtors' creditors and other stakeholders. *See, e.g., Cunard S.S. Co. Ltd. v. Salen Reefer Svcs. A.B.*, 773 F.2d 452, 458 (2d Cir. 1985) ("The granting of comity to a foreign bankruptcy proceeding enables the assets of a

debtor to be dispersed in an equitable, orderly, and systematic manner, rather than in a haphazard, erratic or piecemeal fashion.").

**D.** **<u>No Bond.</u>**

39. The Receiver respectfully suggests that no bond be required under Fed. R. Bankr. P. 7065 and Fed. R. Civ. P. 7065(c). A temporary restraining order or preliminary injunction may be issued on application of a debtor, trustee, or debtor in possession without compliance with Rule 65(c). Fed. R. Bankr. P. 7065. The Receiver, who is carrying out his duties under the BIA and the Receivership Order, is akin to a trustee, and any bond would necessarily come from the Debtors' assets.

## VI.
## PRAYER

Wherefore, the Receiver respectfully requests entry of an Order, substantially similar to the attached proposed order, granting the requested Provisional Relief, and for all other and further relief to which the Receiver is justly entitled.

Dated: November 21, 2019
Dallas, Texas

        Respectfully submitted,

        NORTON ROSE FULBRIGHT US LLP

        By: /s/ Greg M. Wilkes
            Louis R. Strubeck, Jr. (SBT 19425600)
            louis.strubeck@nortonrosefulbright.com
            Greg M. Wilkes (SBT 24047105)
            greg.wilkes@nortonrosefulbright.com

        2200 Ross Avenue, Suite 3600
        Dallas, Texas 75201-7932
        Telephone: (214) 855-8000
        Facsimile: (214) 855-8200

        and

        Steve A. Peirce (SBT 15731200)
        (pro hac vice pending)
        steve.peirce@nortonrosefulbright.com
        NORTON ROSE FULBRIGHT US LLP
        111 West Houston Street, Suite 1800
        San Antonio, TX   78205
        Telephone:  (210) 224-5575
        Facsimile:   (210) 270-7205

        **ATTORNEYS FOR CANADIAN RECEIVER**

## CERTIFICATE OF SERVICE

    I hereby certify that contemporaneously with the filing of the foregoing, I directed noticing agent Stretto to serve via overnight mail a copy of the foregoing on parties in interest in this case. The Receiver will supplement this certificate of service with proof of service and a copy of such service list.

        /s/ Greg M. Wilkes
        Greg M. Wilkes