**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION**

| | | |
|---|---|---|
| **In re:** | § | |
| | § | **Case No. 19-33868-15** |
| **EAGLE ENERGY INC.** | § | |
| | § | **Chapter 15** |
|     **Debtor in a foreign proceeding.** | § | |
| | § | **Joint Administration Requested** |
| **In re:** | § | |
| | § | **Case No. 19-33869-15** |
| **EAGLE ENERGY TRUST** | § | |
| | § | **Chapter 15** |
|     **Debtor in a foreign proceeding.** | § | |
| | § | **Joint Administration Requested** |
| **In re:** | § | |
| | § | **Case No. 19-33870-15** |
| **EAGLE ENERGY HOLDINGS INC.** | § | |
| | § | **Chapter 15** |
| | § | |
|     **Debtor in a foreign proceeding.** | § | **Joint Administration Requested** |
| **In re:** | § | |
| | § | **Case No. 19-70333-15** |
| **EAGLE HYDROCARBONS INC.** | § | |
| | § | **Chapter 15** |
|     **Debtor in a foreign proceeding.** | § | |
| | § | **Joint Administration Requested** |

**ORDER GRANTING RECEIVER'S EMERGENCY EX PARTE
APPLICATION FOR TEMPORARY RESTRAINING ORDER AND RELIEF
PURSUANT TO SECTIONS 105(A) AND 1519 OF THE BANKRUPTCY CODE**

FTI Consulting Canada Inc. ("**FTI**") solely in its capacity as court-appointed receiver (the "**Receiver**") of (1) Eagle Energy Inc. ("**Eagle Energy**"), (2) Eagle Energy Trust ("**Eagle Trust**"), (3) Eagle Energy Holdings Inc. ("**Eagle Holding**s"), and (4) Eagle Hydrocarbons Inc. ("**Eagle US**") (collectively, "**Eagle**" or "**Debtors**") filed an *Emergency Ex Parte Application for Temporary Restraining Order and Relief Pursuant to Sections 105(A) and 1519 of the Bankruptcy Code* ("**Application**") in the above-styled and numbered chapter 15 cases.

The Court finds that notice was proper (or that to the extent that notice was insufficient, this Order should be issued without notice to avoid irreparable harm to the Debtors), and that no party in interest made any response in opposition to the Application, or, if so, the relief requested in any such response was denied for the reasons stated on the record, and further finds that the relief requested in the Application should be granted on a provisional basis.

This Court has considered and reviewed: (i) the Application, (ii) the *Expedited Petition for Recognition as a Foreign Main Proceeding, or in the Alternative, Foreign Nonmain Proceeding, Pursuant to Sections 1515 and 1517 of the Bankruptcy Code and Related Relief* (the "**Petition**") (ii) the exhibits to such Application and Petition, (iii) the Receivership Order entered in the Canadian Proceeding (the "**Receivership Order**"), (iv) all other documents filed in support thereof (collectively, the "**Supporting Papers**"), and (v) the exhibits introduced at such hearings, testimony of witnesses, if any, and the arguments of counsel.  Accordingly,  this Court finds and concludes as follows:

A. The Debtors are the following entities: (1) Eagle Energy, (2) Eagle Trust, (3) Eagle Holdings, and (4) Eagle US.

B. On November 19, 2019, White Oak Global Advisors, LLC as the administrative agent (in such capacity, the "**Agent**") under that certain *Loan and Security Agreement* dated as of March 13, 2017 (as amended, modified, or supplemented, the "**Loan Agreement**"), for itself and for and on behalf of a group of lenders on whose behalf White Oak Global Advisors, LLC signed (collectively, and in such capacity, the "**Lender**s"), filed an Application (Receivership Order) in the Canadian Proceedings seeking the appointment of FTI as receiver under section 243 of the Bankruptcy and Insolvency Act (the "**BIA**"), RSC 1985 c B-3 and section 13(2) of the Judicature Act, RSA 2000 c J-2 in the Court of Queen's Bench of Alberta, Judicial Centre of Calgary (the "**Canadian Court**") in the proceeding styled In the Matter of the Receivership of Eagle Energy Inc. et. al, Alberta Court of Queen's Bench File No. 1901-16293. (the "**Canadian Proceedings**").

C. On November 19, 2019, the Canadian Court, Honorable Justice R.A. Neufeld, granted a Receivership Order in Alberta Court of Queen's Bench File No. Court File No. 1901-16293 (the "**Receivership Order**") appointing FTI as the Receiver and manager of the Debtors.

D. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a) and (b) and 1334(a) and (b) and Sections 109 and 1501 of the Bankruptcy Code. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P).

E. Venue is proper in this district pursuant to 28 U.S.C. § 1410(3).

F. The Receiver is a person within the meaning of Section 101(41) of the Bankruptcy Code and is the duly appointed foreign representative of the Debtors within the meaning of Section 101(24) of the Bankruptcy Code.

G. This Court has constitutional authority to enter final orders in these cases under *Stern v. Marshall*, 564 U.S. 462 (2011), or, in the alternative, by consent of the parties. *See Executive Benefits Ins. Agency v. Arkinson*, 134 S. Ct. 2165 (2014).

H. This case was properly commenced pursuant to Sections 1504 and 1515 of the Bankruptcy Code. The notice of the Application was sufficient given the circumstances of these cases and the potential for irreparable harm to the Debtors.

I. There is a substantial likelihood that the Court, upon final consideration, will find that the Canadian Proceedings are foreign proceedings within the meaning of Section 101(23) of the Bankruptcy Code.

J. There is a substantial likelihood that the Court, upon final consideration, will find the Canadian Proceedings are entitled to recognition by this Court pursuant to Section 1517 of the Bankruptcy Code.

K. There is a substantial likelihood that the Court, upon final consideration, will find that the Canadian Proceedings will be entitled to recognition as foreign main proceedings pursuant to Section 1502(4) of the Bankruptcy Code and will be entitled to recognition as foreign main proceedings pursuant to Section 1517(b)(1) of the Bankruptcy Code.

L. Relief is urgently needed to protect the assets of the Debtors or the interests of the creditors pursuant to 11 U.S.C. § 1519(a). It is the Receiver's intention to continue operations of the Debtors for a period of time so that the assets may ultimately be sold as a going concern. As such, the Receiver needs to stabilize operations and operate in the normal course, including paying employees and ongoing expenses. If the Receiver's authority is not honored in the US, or if creditors or parties in interest take collection actions, continue litigation, or exercise self-help, the ordinary course operations of the Debtors and the Receiver's ability to conduct and effectuate the sale of assets could be jeopardized. Therefore, the Receiver is entitled to the provisional relief afforded under Section 1519 of the Bankruptcy Code.

M. The relief granted is necessary and appropriate, in the interest of the public and international comity, consistent with the United States public policy, and will not cause any hardship to any party in interest that is not outweighed by the benefits of granting the requested relief.

N. As described above, the Receiver has a substantial likelihood of prevailing on the merits. Even if the Canadian Proceedings are "foreign nonmain proceedings," there is a substantial likelihood that the Receiver will be able to demonstrate that it is entitled to relief under 11 U.S.C. § 1521(a).

O. There is a substantial threat of irreparable injury if the injunction does not issue.

P. Any threatened injury to the Debtors outweighs any damage the injunction might cause to the opponents. The injunctive relief would actually benefit the Debtors' creditors by ensuring an equitable and orderly distribution of assets and facilitate the Canadian Proceedings.

Q. The injunction will not disserve the public interest. The injunctive relief is in the public interest. It sets to facilitate a cross-border reorganization that will provide a benefit to the estates of the Debtors. The injunctive relief is supported by notions of comity and will allow the Receiver to craft a productive solution for the Debtors and their estates.

R. The Receiver, in its role as foreign representative of the Debtors, and the Debtors, are entitled to the full protections and rights available pursuant to Section 1519(a) of the Bankruptcy Code.

S. Permitting the Debtors' current cash management system to continue pursuant to existing agreements between the Debtors and their existing depository and disbursement banks (collectively, the "Banks") will facilitate the continued

operations of the Debtors while the Canadian Proceedings and this proceeding are ongoing.

**NOW, THEREFORE, IT IS HEREBY ORDERED AS FOLLOWS:**

1.      All relief granted herein is on an provisional basis, subject to this Court's recognition of the above-captioned bankruptcy cases as a foreign proceeding.

2.      The commencement or continuation of any action or proceeding concerning the assets, rights, obligations, or liabilities of the Debtors, including any action or proceeding against the Receiver in its capacity as foreign representative of the Debtors, is hereby stayed in a manner coextensive with 11 U.S.C. § 362.

3.      Execution against the assets of the Debtors is hereby stayed.

4.      The administration or realization of all or part of the assets of the Debtors within the territorial jurisdiction of the United States is hereby entrusted to the Receiver, and the terms of the Receivership Order to the extent set forth herein shall apply to the Debtors, its creditors, the Receiver, and any other parties-in-interest.

5.      The right of any person or entity, other than the Receiver, to transfer or otherwise dispose of any assets of the Debtors is hereby suspended unless authorized in writing by the Receiver or by Order of this Court.

6.      The Receiver may undertake the examination of witnesses, the taking of evidence, the production of documents, or the delivery of information concerning the assets, affairs, rights, obligations or liabilities of the Debtors.

7.      Notwithstanding Rule 7062 of the Bankruptcy Rules, made applicable to this case by Rule 1018 of the Bankruptcy Rules, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry and, upon its entry, shall become final and appealable.

8.      The Receiver is authorized and empowered, but not obligated to (i) maintain and continue to use, with the same account numbers, all of the Debtors' existing bank accounts at depository institutions in the United States (the "**Bank Accounts**"); (ii) treat the Bank Accounts for all purposes as debtor-in-possession accounts; (iii) maintain and continue to use the Debtors' existing business forms, stationery and checks, all without the appellation "debtor-in-possession"; and (iv) preserve the reporting and accounting mechanisms used by the Debtors in respect of the Bank Accounts.

9.      The Receiver is authorized to maintain the Debtors' existing cash management system, to allow receipt and sending of transfers via the ACH or automatic clearing house system and by wire transfer (collectively, the "**Cash Management System**"), all subject to the terms and conditions of the Debtors' prepetition agreements with their depository institutions (including the right to pay all pre-petition and post-petition administrative fees associated with such Bank Accounts and Cash Management System), provided however, that no prepetition obligations of any kind to be paid except as authorized hereby.

10.     This Court shall retain jurisdiction with respect to the enforcement, amendment or modification of this Order, any request for additional relief or any adversary proceeding brought in and through these Chapter 15 foreign proceedings, and any request by an entity for relief from the provisions of this Order, for cause shown, that is properly commenced and within the jurisdiction of this Court.

11.     The security provision provided in Rule 65(c) of the Federal Rules of Civil Procedure, made applicable through Rule 7065 of the Bankruptcy Rules, is unnecessary in this case and is therefore waived.

12.     This Order applies to all parties in interest in this Chapter 15 case and all of their agents, employees, and representatives, and all those who act in concert with them who receive notice of this Order.

13.     A hearing to consider preliminary and permanent relief as requested by the Application and the Petition is set for _____, _____, a.m., at _____ (the "**Recognition Hearing**").  Counsel for the Receiver must serve this Order on parties in interest in this Chapter 15 case and provide notice of hearing.

14.     Any party in interest may make a motion seeking relief from, or modification of, this Order on not less than three (3) business days' notice to the Receiver's U.S. counsel: Louis R. Strubeck, Jr., louis.strubeck@nortonrosefulbright.com, Greg M. Wilkes, greg.wilkes@nortonrosefulbright.com, NORTON ROSE FULBRIGHT US LLP 2200 Ross Avenue, Suite 3600 Dallas, Texas 75201-7932 Telephone: (214) 855-8000 Facsimile: (214) 855-8200 (collectively, "**U.S. Counsel**").

15.     The notice required in paragraph 14 above on objections, if any, submitted for the purpose of opposing the Receiver's request for a preliminary and permanent injunction sought in the Application must be made in writing describing the basis therefore, filed with the Court and served on the U.S. Counsel in a manner whereby such notice or objections are actually received by U.S. Counsel at least three (3) business days prior to (i) any hearing scheduled on any motion seeking relief from, or modification of this Order, or (ii) the hearing date scheduled in paragraph 15 above for the hearing on the preliminary and permanent injunction.

16.     If no objections to the Receiver's request for a preliminary and permanent injunction are made as herein provided, the Court may enter an order granting the preliminary and permanent injunction requested in the Application without holding a hearing.

17.     To the extent of any conflict or inconsistency between this Order and the Receivership Order, the Receivership Order as amended, supplemented, or modified shall control.

18.     Time of Issuance: This order is issued on November ___, 2019 at ____5:15 a.m./p.m.

19.     Duration: This order shall remain in effect for fourteen (14) days from the date and time of its issuance. It shall not extend beyond midnight of November ___, 2019, unless extended by further order of the Court.

20.     SO ORDERED this ___ day of November, 2019.

###End Of Order###

**Submitted by:**

Louis R. Strubeck, Jr. (SBT 19425600)
louis.strubeck@nortonrosefulbright.com
Greg M. Wilkes (SBT 24047105)
greg.wilkes@nortonrosefulbright.com
NORTON ROSE FULBRIGHT US LLP
2200 Ross Avenue, Suite 3600
Dallas, Texas 75201-7932
Telephone: (214) 855-8000
Facsimile: (214) 855-8200

**ATTORNEYS FOR THE CANADIAN RECEIVER**