## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## WICHITA FALLS DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | Case No. _____ |
| **EAGLE ENERGY INC.** | § | |
| | § | Chapter 15 |
| Debtor in a foreign proceeding. | § | |
| | § | Joint Administration Pending |
| In re: | § | |
| | § | Case No. _____ |
| **EAGLE ENERGY TRUST** | § | |
| | § | Chapter 15 |
| Debtor in a foreign proceeding. | § | |
| | § | Joint Administration Pending |
| In re: | § | |
| | § | Case No. _____ |
| **EAGLE ENERGY HOLDINGS INC.** | § | |
| | § | Chapter 15 |
| | § | |
| Debtor in a foreign proceeding. | § | Joint Administration Pending |
| In re: | § | |
| | § | Case No. _____ |
| **EAGLE HYDROCARBONS INC.** | § | |
| | § | Chapter 15 |
| Debtor in a foreign proceeding. | § | |
| | § | Joint Administration Pending |

## UNSWORN DECLARATION UNDER PENALTY OF PERJURY
## OF FOREIGN COUNSEL

I am a Senior Partner in Norton Rose Fulbright Canada LLP ("**NRFC**"). My office is at 400 3rd Avenue SW, Suite 3700, Calgary Alberta T2P 4H2 Canada. I graduated with an LLB from the University of Alberta in 1985. I am a member of the Law Society of Alberta. I articled and have practiced at NRFC (including through its predecessor firm) since 1985, primarily practicing in insolvency and corporate restructuring proceedings. Included in that practice, I have been involved in numerous cross-border proceedings, including Chapter 15 proceedings.

EX R-9-000001

NRFC's client is FTI Consulting Canada Inc. ("**FTI**") solely in its capacity as court-appointed receiver (the "**Receiver**") of (1) Eagle Energy Inc. ("**Eagle Energy**"), (2) Eagle Energy Trust ("**Eagle Trust**"), (3) Eagle Energy Holdings Inc. ("**Eagle Holdings**"), and (4) Eagle Hydrocarbons Inc. ("**Eagle US**") (collectively, "**Eagle**" or "**Debtors**") based upon the Receivership Order dated November 19, 2019, entered by the Court of Queen's Bench of Alberta in the Judicial Centre of Calgary, Canada, Court File No. 1901-16293 (the "**Canadian Court**" and the "**Canadian Proceedings**") under Canada's Bankruptcy and Insolvency Act.

1.      Contemporaneously herewith, as foreign representative, the Receiver has caused to be filed Official Form 401 Chapter 15 petitions for each of the Debtors in the above-referenced cases.

2.      As foreign representative for the Debtors in these Chapter 15 cases, the Receiver seeks recognition of the Canadian Proceedings as the foreign main proceedings for the Debtors; alternatively, as foreign non-main proceedings.

3.      On November 19, 2019, White Oak Global Advisors, LLC as the administrative agent (the "**Agent**") on behalf of a group of corporate entities, including White Oak Partners, LLC and White Oak Partners 2, LLC (collectively, the "**Lenders**") filed an Application (Receivership Order) in the Canadian Proceedings seeking the appointment of FTI as receiver under section 243 of the Bankruptcy and Insolvency Act, RSC 1985 c B-3 (the "**BIA**") and section 13(2) of the Judicature Act, RSA 2000 c J-2.  On November 19, 2019, the Canadian Court, Honorable Justice R.A. Neufeld, entered the Receivership Order (the "**Receivership Order**") pursuant to section 243(1) of the BIA and 13(2) of the Judicature Act.

EX R-9-000002

4. The Bankruptcy and Insolvency Act ("**BIA**") is one of two pieces of federal legislation in Canada applicable to bankruptcies and insolvencies.[1] Bankruptcy and Insolvency Act, R.S.C. 1985, c. B-3 (Can.). The BIA governs both voluntary and involuntary bankruptcy liquidations and provides for debtor reorganizations.

5. The BIA also authorizes a court to appoint a receiver upon a secured creditor's application. *Id.* § 243(1). Such court-appointed receivers are given a mandate and specific powers as set out in the order appointing the receiver. These duties typically include: (1) taking possession and control of the property and assets of the debtor; (2) marketing and selling such property and assets in a commercially reasonable manner (whether as a going concern, en-bloc, or otherwise) and under the supervision and approval of the appointing court; and (3) distributing the proceeds of such sales to the stakeholders in accordance with the legal entitlement. The appointing court has broad discretion to authorize the receiver to "take any other action that the court considers advisable." *Id.* § 243(1)(c).

6. A court-appointed receiver under the BIA is a "national" receiver, meaning that a receiver administers assets in each of Canadian's ten provinces and three territories, typically without further order of provincial courts. The BIA and its related legislation (the Companies' Creditors Arrangement Act) are federal legislation. But provincial legislative jurisdiction governs property and civil rights, potentially affecting some insolvency-related matters, similar to the interplay between state and federal law in the United States. Nonetheless, the BIA

---

[1] The second federal legislation in Canada concerning bankruptcies and insolvencies is the Companies' Creditors Arrangement Act ("**CCAA**"), which affords financially troubled corporations the opportunity to restructure their financial affairs through a "Plan of Arrangement." Companies' Creditors Arrangement Act, R.S.C. 1985, c. C-36 (Can.). The CCAA process is akin to chapter 11 of the Bankruptcy Code, affording companies an opportunity to restructure operations rather than liquidate. *See In re Fracmaster, Ltd.*, 237 B.R. 627, 629 n.3 (Bankr. E.D. Tex. 1999).

EX R-9-000003

provides a statutory framework for a court-appointed receiver to carry out its mandate on a national basis rather than relying on the various provincial statutes or courts for its authority.

7.    The Judicature Act authorizes the Court to appoint a receiver where it is "just and convenient" on any terms and conditions the Court thinks just.   Generally, the Judicature Act codifies broad equitable powers of the Court which allows it to provide for certain remedies where equitable, including the appointment of a receiver.   The powers and duties of a receiver appointed by the Court pursuant to section 13(2) of the Judicature Act is set out in the order appointing the receiver and may be tailored to the specific circumstances.   Generally such powers and/or duties will be the same or similar to a receiver appointed under the BIA as noted above.

8.    I have been asked to opine on whether the Canadian Proceedings meet the definition of "foreign proceeding" under 11 U.S.C. § 101(23), which provides that a foreign proceeding is:

> "a collective judicial or administrative proceeding in a foreign country, including an interim proceeding, under a law relating to insolvency or adjustment of debt in which proceeding the assets and affairs of the debtor are subject to control or supervision by a foreign court, for the purpose of reorganization or liquidation."

9.    In my opinion, based on the above analysis, the Canadian Proceedings are foreign proceedings within the meaning of 11 U.S.C. § 101(23).

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

*[Remainder of this page intentionally left blank; signature page will follow]*

EX R-9-000004

Executed this 20 day of November, 2019

By: _____

Howard A. Gorman, Q.C. Canadian Counsel
for Receiver and Foreign Representative

EX R-9-000005