Louis R. Strubeck, Jr. (SBT 19425600)
louis.strubeck@nortonrosefulbright.com
Greg M. Wilkes (SBT 24047105)
greg.wilkes@nortonrosefulbright.com
NORTON ROSE FULBRIGHT US LLP
2200 Ross Avenue, Suite 3600
Dallas, Texas 75201-7932
Telephone: (214) 855-8000

Steve A. Peirce (SBT 15731200)
(pro hac vice pending)
steve.peirce@nortonrosefulbright.com
NORTON ROSE FULBRIGHT US LLP
111 West Houston Street, Suite 1800
San Antonio, TX  78205
Telephone:  (210) 224-5575

ATTORNEYS FOR CANADIAN RECEIVER

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION**

| | | |
|---|---|---|
| **In re:** § | | |
| § | | **Case No. 19-33868-15** |
| **EAGLE ENERGY INC.** § | | |
| § | | **Chapter 15** |
| **Debtor in a foreign proceeding.** § | | |
| § | | **Joint Administration Requested** |
| **In re:** § | | |
| § | | **Case No. 19-33869-15** |
| **EAGLE ENERGY TRUST** § | | |
| § | | **Chapter 15** |
| **Debtor in a foreign proceeding.** § | | |
| § | | **Joint Administration Requested** |
| **In re:** § | | |
| § | | **Case No. 19-33870-15** |
| **EAGLE ENERGY HOLDINGS INC.** § | | |
| § | | **Chapter 15** |
| § | | |
| **Debtor in a foreign proceeding.** § | | **Joint Administration Requested** |
| **In re:** § | | |
| § | | **Case No. 19-70333-15** |
| **EAGLE HYDROCARBONS INC.** § | | |
| § | | **Chapter 15** |
| **Debtor in a foreign proceeding.** § | | |
| § | | **Joint Administration Requested** |

**UNSWORN DECLARATION UNDER PENALTY OF PERJURY OF RECEIVER**

I, Deryck Helkaa, do hereby declare as follows:

1. I am over the age of 18, and I am authorized to submit this declaration (the "**Declaration**") on behalf of the Receiver (as defined below).

2. I am a Senior Managing Director, Corporate Finance & Restructuring, at FTI Consulting Canada Inc. ("**FTI**"). I hold a B.A. in economics from the University of Western Ontario. I am a Licensed Trustee in Bankruptcy, a Chartered Insolvency and Restructuring Professional and a Chartered Professional Accountant. I am a member of the Canadian Association of Insolvency and Restructuring Professionals, Insolvency Institute of Canada and Turnaround Management Association ("**TMA**"). I have more than 20 years of experience providing transaction and restructuring advisory services to companies and their stakeholders, including representing creditors, lenders, shareholders, management and boards of directors in both formal and out-of-court restructurings and cross-border cases. I have industry experience in oil and gas, including companies operating in exploration and production, midstream and oilfield services sectors. My office is at 520 5th Ave SW Suite 1610 Calgary, AB, T2P 3R7 Canada.

3. All facts set forth in this Declaration are based upon my personal knowledge, my review of relevant documents, information provided to me by employees working under my direction or supervision, my discussions with other members of FTI or the Debtors (as defined herein) and/or my opinions based upon my experience concerning the Debtors' operations and financial condition. If called to testify, I could and would testify competently as stated herein.

4. FTI is the court-appointed receiver (the "**Receiver**") of (1) Eagle Energy Inc. ("**Eagle Energy**"), (2) Eagle Energy Trust ("**Eagle Trust**"), (3) Eagle Energy Holdings Inc. ("**Eagle Holdings**"), and (4) Eagle Hydrocarbons Inc. ("**Eagle US**") (collectively, "**Eagle**" or

"**Debtors**") based upon the Receivership Order dated November 19, 2019, entered by the Court of Queen's Bench of Alberta in the Judicial Centre of Calgary, Canada, Court File No. 1901-16293 (the "**Canadian Court**" and the "**Canadian Proceedings**").

5. As Receiver, I have investigated the business and affairs of the debtors to the best of my ability since my engagement on this case, and make this declaration based on that investigation.

6. I make this Declaration in support of: (1) the Receiver's *Expedited Petition For Recognition As Foreign Main Proceeding Pursuant To Sections 1515 And 1517 Of The United States Bankruptcy Code And Related Relief* (the "**Petition**") and (2) the *Receiver's Emergency Ex Parte Application For Temporary Restraining Order And Relief Pursuant To Sections 105(A) And 1519 Of The Bankruptcy Code* (the "**Application**").

## BACKGROUND

**The Structure of the Debtors**

7. There are four entities that are chapter 15 debtors, three of which are Canadian entities, and one of which is either a direct or indirect subsidiary of the Canadian entities. The Debtors are described below:

**Canadian Entities**

8. Eagle Energy, which is the ultimate direct or indirect parent entity of the other Debtors, is a public corporation with its common shares currently listed on the TSX Venture Exchange under the symbol "EGL." Eagle Energy was amalgamated under the laws of the Province of Alberta with its registered and head office located in Calgary, Alberta. Eagle Energy is the operator and 50% working interest participant in certain oil and gas assets in the Dixonville, Montney "C" oil pool in Northern Alberta.

9.  Eagle Energy is the trustee and sole unitholder of Eagle Trust, an unincorporated open-ended limited purpose trust formed under the laws of the Province of Alberta, which does not carry on business other than to own all of the shares of Eagle Holdings.

10. Eagle Holdings is a corporation incorporated pursuant to the laws of the Province of Alberta with its registered and head office located in Calgary, Alberta. Eagle Holdings is a direct wholly owned subsidiary of Eagle Trust. Eagle Holdings does not carry on business other than to own all of the shares of Eagle US.

## US Subsidiary

11. Eagle US is a company incorporated pursuant to the laws of the State of Delaware, United States, with an office in Houston, Texas. Eagle US is a wholly owned subsidiary of Eagle Holdings.

## Business Operations of the Debtors

12. The Debtors are engaged in the ownership and acquisition of stable, primarily oil producing properties with development and exploitation potential in Canada and the United States. Eagle Energy's registered office is in Calgary, Alberta.

## Events Leading to the Commencement of the Canadian Proceedings

13. The Applicant for the Receivership Order is White Oak Global Advisors, LLC ("**White Oak**"). White Oak is the administrative agent (in such capacity, the "**Agent**") on behalf of a group of corporate entities, including White Oak Partners, LLC and White Oak Partners 2, LLC (collectively, and in such capacity, the "**Lenders**") pursuant to that certain *Loan and Security Agreement* dated as of March 13, 2017 between Eagle Energy and Eagle US (collectively, the "**Borrowers**"), as borrowers, Eagle Trust and Eagle Holdings (collectively, the "**Guarantors**"), as guarantors, White Oak acting as Agent, and the Lenders, as lenders (the

"**Original Loan and Security Agreement**"), as subsequently amended by a first amending agreement dated April 13, 2017, but effective as of March 31, 2017, a second amending agreement dated June 29, 2017, a third amending agreement dated September 29, 2017, a fourth amending agreement dated February 8, 2018, a fifth amending agreement dated March 20, 2018, a sixth amending agreement dated August 28, 2018, a seventh amending agreement dated March 18, 2019, and an eighth amending agreement dated May 13, 2019 (collectively the "**Loan and Security Agreement**").  The Agent alleges that, as of November 15, 2019, the total indebtedness of the Borrowers to the Agent and the Lenders under the Term Loans is (a) US$ 31,185,540.24, consisting of (i) a principal balance of approximately US$ 30,686,145.95 under the Term Loans, (ii) accrued and unpaid interest (including interest at the Default Rate) of approximately US$ 190,626.56 with interest accruing thereafter at the default rate; and (iii) repayment premium US$ 308,767.73 plus (b) all legal and other costs and expenses incurred by the Agent (both prior to and following the date of this Application) pursuant to the terms of the Loan and Security Agreement, (collectively, the "**Outstanding Indebtedness**").  The Agent claims that the Outstanding Indebtedness is secured by essentially all property of the Debtors.

**The Canadian Proceedings**

14.    After multiple events of default by the Debtors under the Loan and Security Agreement, on November 19, 2019, White Oak filed an Originating Application (Appointment of Receiver) in the Canadian Proceedings seeking the appointment of FTI as receiver under section 243 of the BIA and section 13(2) of the Judicature Act, RSA 2000 c J-2.

15.    On November 19, 2019, the Canadian Court, Honorable Justice R.A. Neufeld, entered the Receivership Order (the "**Receivership Order**") pursuant to section 243 of the BIA and section 13(2) of the Judicature Act, RSA 2000 c J-2.  The Receivership Order specifically

authorizes the Receiver to act as a representative in respect of the within proceedings for the purpose of having these proceedings recognized in a jurisdiction outside Canada.  It empowers and authorizes the Receiver to take numerous steps involving the property of the entities subject to the Canadian Proceeding.  Likewise, the Receivership Order grants the Receiver access to all of the Debtors' books, records, contracts, securities, and information.  Additionally, the Receivership Order imposes a stay of proceedings against the Receiver, the Debtors, or the Debtors' property similar to the protections available under 11 U.S.C. § 362(a).

16. The Receivership Order includes a request by the Canadian Court for "aid and recognition of any court . . . having jurisdiction in Canada or in any foreign jurisdiction . . . , to give effect to [the Receivership Order] and to assist the Receiver and its agents in carrying out the terms of [the Receivership Order]."

**The Chapter 15 Cases**

17. Contemporaneously herewith, as foreign representative, I have caused to be filed Official Form 401 Chapter 15 petitions for each of the Debtors in the above-referenced cases.

18. As foreign representative for the Debtors in these Chapter 15 cases, I seek recognition of the Canadian Proceedings as the foreign main proceedings for the Debtors; alternatively, as foreign non-main proceedings.  The date of the filing of Official Form 401 petitions shall be called the "**Petition Date**."

19. I commenced an ancillary proceeding for the Debtors under Chapter 15 of the Bankruptcy Code to obtain recognition of the Canadian Proceedings.

**Support for Petition for Recognition**

20. The Debtors have property in the United States because each of the Debtors, among other things, is a party to the Loan and Security Agreement, which is governed by the

laws of the State of Texas, is denominated in US dollar debt, and provides for Texas forum selection provisions.

21. Pursuant to the Receivership Order, the Receiver is the foreign representative and is authorized to act as a respresentative for the purpose of having the Canadian Proceedings recognized in a jurisdiction outside of Canada.

22. Further, to the best of my knowledge and belief, I believe that the Canadian Proceedings are a "foreign main proceeding" within the meaning of section 1502(4) of the Bankruptcy Code, because the Debtors' center of main interests is in Canada.

23. The Debtors' ultimate parent company, Eagle Energy, is a Canadian public company with shares traded on the TSX Venture Exchange. Eagle Energy is also an operating company that owns the Canadian assets. Eagle Trust is a Canadian trust owned 100% by Eagle Energy. Eagle Holdings, in turn, is a Canadian company owned 100% by Eagle Trust. Eagle Holdings owns 100% of Eagle US. Eagle Trust and Eagle Holdings are essentially holding companies. Eagle Energy's head office is in Calgary, Alberta.

24. Until the recent resignations, Eagle Energy's directors and management were: Richard Clark (Canada) (Director and Executive Chairman), Warren D. Steckley (Canada) (Lead Independent Director), Wayne McWhorter (US)(Director ), John Melton (US) (Director), and Wayne Wisniewski (US) (Director, President, and CEO), Glenn Glass (Canada) (Vice President, Operations), Brenda Galonski (Canada)(Chief Financial Officer) and Jo-Anne M. Bund (Canada) (General Counsel and Corporate Secretary).

25. Eagle US' directors and management were: Richard Clark (Canada) (Director), John Melton (US) (Director), Wayne Wisniewski (US) (Director, President, and CEO), Brenda Galonksi (Canada) (Chief Financial Officer), Greg Roberts (US) (Vice President, Land and

Business Development) and Jo-Anne Bund (Canada) (Secretary). Two of the Debtors' officers (Wayne Wisniewski and Greg Roberts) are from the United States.

26. With the resignations of all of the directors, only the Receiver, which is located in Canada, currently has the authority, pursuant to the Receivership Order, to operate the Debtors. In sum, the nerve center for these Debtors was, and is, in Canada.

27. Further, the Canadian Debtors' head office is in Calgary, Alberta, although the Eagle US office is in Houston. The Debtors' books and records are held in the Calgary office. Annual meetings for the Debtors are held in Calgary. Finally, excluding the Agent's claims, the majority of total creditors in dollar amounts favors Canada (76.3%).

28. I believe that recognition of the Receiver as the Debtors' "foreign representative" and recognition of the Debtors' Canadian Proceedings as a "foreign main proceeding" are consistent with the purpose of Chapter 15 of the Bankruptcy Code and will allow the Debtors to facilitate the Canadian Proceedings and effectuate a sale of the Debtors' assets without jeopardizing the rights of any of the Debtors' creditors.

**Support for the Application and Injunctive Relief**

29. Pending recognition of the Canadian Proceedings, I seek provisional relief under Section 1519 of the United States Bankruptcy Code to enjoin collection efforts against the assets of the Debtors.

30. As the foreign representative, I contend that I will prevail on the merits and that the Court will find that the Receiver is a foreign representative and that the Canadian Proceedings are a foreign main proceeding. I understand that once the Canadian Proceedings are recognized as a foreign main proceeding, the automatic stay of the United States Bankruptcy Code will go into effect.

31. It is my intention to continue operations of the Debtors for a period of time so that the assets may ultimately be sold as a going concern. As such, I need to stabilize operations and operate in the normal course, including paying employees and ongoing expenses. If the Receiver's authority is not honored in the US pending recognition of the Canadian Proceedings, or if creditors or parties in interest take collection actions or exercise self-help, the ordinary course operations of the Debtors and the ability of the Receiver to effectuate a sale of assets could be jeopardized. The Receivership Order provides for a stay against seizure of assets and litigation similar to the automatic stay of the Bankruptcy Code. Accordingly, I believe that the failure to grant the injunctive relief requested in the Application subjects the Debtors to a substantial threat of irreparable injury, all to the detriment of the Debtors, their estates, and their creditors.

32. I believe that any threatened injury to the Debtors outweighs any damage the injunctive relief might cause to parties in interest. The relief, if granted, would actually benefit the Debtors' creditors by ensuring an orderly distribution of assets and facilitate the Canadian Proceedings, including the contemplated sale.

33. Finally, the requested injunctive relief will not disserve the public interest. To the contrary, the relief requested is in the public interest because it sets to facilitate a cross-border reorganization that will provide a benefit to the estates of the Debtors. The relief is also supported by notions of comity and will allow the Debtors to craft a productive solution for their estates.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

[*Remainder of this page intentionally left blank; signature page will follow*]

94171559.3 — - 10 - — EX R-10-000010

Executed this 20 day of November, 2019

By: _____
Deryck Helkaa for FTI, Receiver and
Foreign Representative